## No. 2511.

## B. L. LEE AND J. E. BARNWELL *v.* W. J. WELBORNE.

1. IMMATERIAL ERROR.—Where the record shows that the jury could not rightfully bring in a different verdict, or one more favorable to the party complaining, the judgment upon such verdict will not be reversed.
2. HOMESTEAD.—While the title of a vendee who has not paid for land in fact occupied by him as homestead is not good as against his vendor, still, as against all others his title is good, and the exemption as to them is recognized.
3. PRACTICE IN SUPREME COURT.—Where an error occurs in entering the judgment below, insignificant in amount, and no steps were taken to have it corrected, costs will not be allowed on appeal upon the correction.

APPEAL from Upshur. Tried below before the Hon. F. J. McCord.

The opinion sufficiently states the case.

*H. McKay* and *J. S. Barnwell,* for appellants.

*Poteet & Crosby,* for appellee.

WALKER, ASSOCIATE JUSTICE. September 13, 1886, Lee, a constable, having an execution against Welborne for one hundred and ninety-seven dollars and ninety cents, under express orders from Barnwell, the plaintiff in execution levied upon a grist mill, gin stand, shafting and belting, twenty acres of new-ground cotton cultivated by Welborne, and upon his interest in all his tenants' crops upon about forty acres by them cultivated. Within less than a week from the levy the twenty acres crop was released. The constable sold the property, realizing upon the mill, gin and fixtures, ninety-three dollars and fifty cents, and upon the cotton, one hundred and thirty-seven dollars.

It was claimed that the land was on the homestead of Welborne, and he brought suit against Lee and Barnwell, the appellants, for damages. A verdict was rendered for plaintiff for two hundred dollars actual damages. Exemplary damages were claimed and the matter submitted to the jury, but only

actual damages were found in the verdict. This appeal is by the defendants, and numerous errors are assigned.

The charge correctly defines the homestead rights of the plaintiff, save that the growing crops ungathered raised by the tenants, in which the landlord only had a rental interest is held liable to execution. Under this ruling the entire cotton crop seized would be excluded from the case, save only as to any damage from the seizure of the twenty acres which had been released.

The court charged: "If any part of the individual crop of plaintiff growing on the land, a part of the homestead, was seized and taken by the defendants, the plaintiff would be entitled to recover the reasonable value of said growing cotton at the time and place of levy, with eight per cent interest from that date." It is urged that to give this was error under the testimony, because "the individual crop" had been released from the levy within a few days, and there was no evidence of any appreciable injury done by the seizure.

The court, in submitting the final issues upon the damages to be ascertained, charged: "Under the above rules you will ascertain if the gin or grist mill was subject to levy; then compute the value and interest as before instructed; also what cotton, if any, growing on plaintiff's homestead, and award to plaintiff the value and interest of that; also, what was the value, if any, of the growing crop that was injured by stock while in Lee's custody, with interest. Add all together and award to plaintiff as actual damages." It is urged by appellants that these issues should not have been submitted, for that there was no testimony to the taking and appropriation of any of the "individual crop" of the plaintiff, nor was there any testimony to the amount of damages, if any, sustained to that crop during the few days intervening between the levy and its release.

All these objections are well taken, and would require a reversal if it could be ascertained that the defendants suffered any injury by the matters of complaint. The plaintiff Welborne testified to the value of the mill, gin and appurtenances, placing the aggregate at over four hundred dollars. The property at the sale, after having been detached from the buildings, carried away and exposed in parcels, brought ninety-three dollars and fifty cents. A witness, Walker, estimated the gin stand at fifty dollars more than it brought at the constable's

sale. Barnwell himself testified that the shafting was worth twenty-eight dollars; it sold for ten dollars. From this abstract of the testimony it was ample to sustain the verdict. Indeed, under the testimony, the verdict was exceedingly moderate.

The question of the homestead rights of Welborne in "the twenty acres tract" upon which the machinery was situated and to which it was attached, was fairly submitted to the jury and its homestead exemption was well sustained by the testimony. By the charge, all consideration of the rents upon the forty acres cultivated by Welborne's tenants was eliminated from the case before the jury. This was error, but in favor of the appellants, and of which they do not complain. (Coates v. Caldwell, Austin Term, 1888; Alexander v. Holt, 59 Texas, 205.)

It has often been held by this court that where the record shows that the jury could not rightfully bring in a different verdict or one more favorable to the party complaining, the judgment upon such verdict will not be reversed. · (Bowles v. Bryce, 66 Texas, 731, and cases cited; 51 Texas, 513; 53 Texas, 206; 55 Texas, 508; 58 Texas, 152, 508; 42 Texas, 296.)

Touching the homestead rights of Welborne in the twenty acres tract, he testified that it was occupied by him as part of his homestead. It does not appear that he had exceeding seventy-five acres inclosed or in cultivation of an aggregate of over three hundred acres owned by him. The twenty acres had not been paid for. His notes were out for the purchase money. He had made a conditional trade with one Mabry to sell it, but the trade was not made, and some time subsequent to the levy and removal of the machinery, he sold it back to his vendor.

These facts in no way interfere with his right to the statutory exemption, nor to his right for damages for the invasion of such rights. As against his vendor his title was not valid, but against all others it was good, and if the land was used in fact as part of the homestead, the creditor could not interfere with it.

The judgment, however, is for two hundred dollars, with interest from date of the levy added. The jury were required to take interest into account, and the court could not, therefore, lawfully increase the amount of the judgment by again adding interest.

The judgment will be here rendered upon the verdict as it should have been below. Inasmuch as there was no effort to have the judgment properly rendered below, and as it evidently was an oversight, the appellants will pay costs of the appeal.

Reversed and rendered for two hundred dollars and costs.

*Reversed and rendered.*

Opinion delivered October 19, 1888.