## TEXAS EMPLOYERS' INS. ASS'N v. PRICE. (No. 1948.)*

(Court of Civil Appeals of Texas. El Paso. Dec. 30, 1926. Rehearing Denied Jan. 20, 1927. On Motion to Retax Costs, Jan. 27, 1927.)

1. Master and servant ⬉⟿348—Statutory provisions, effectuating rights under Workmen's Compensation Act, are exclusive, mandatory, and jurisdictional (Workmen's Compensation Act).

General rule is that statutory provisions, making effective rights under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), are exclusive, mandatory and jurisdictional, and such rule is applied from the time of injury to final adjudication.

2. Master and servant ⬉⟿369—Injury to employee, hired within state and sustained in course of employment out of state, held not compensable (Rev. St. 1925, art. 8306, pt. 1, § 19, and art. 8307, § 5).

Injury to employee, hired within the state and sustained in course of employment out of state, held not compensable, under Rev. St. 1925, art. 8306, pt. 1, § 19, in view of jurisdictional requirement of article 8307, § 5, requiring suit to set aside award of Industrial Accident Board denying compensation to be brought in county where injury occurred.

### On Motion to Retax Costs.

3. Costs ⬉⟿234—Court of Civil Appeals may tax costs against appellant, where judgment is modified in only minor respects.

Costs of appeal to Court of Civil Appeals may be taxed against appellant, where unimpor-

---

⬉⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 16, 1927.

tant modifications of judgment are made respecting minor matters which would have been corrected in court below, if called to its attention.

4. Costs ⊜⟶238(2)—Costs of appeal to Court of Civil Appeals will not be taxed against appellant, because case is reversed on fundamental error not raised in court below (Rev. St. 1925, art. 1870).

That case is reversed upon fundamental error not raised in court below is not ground for taxing costs of appeal to Court of Civil Appeals against appellant, since Rev. St. 1925, art. 1870, provides that costs be taxed against appellee in any case reversed, in which it differs from article 2066, relating to district and county courts.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit to set aside final ruling and decision denying workmen's compensation by G. E. Price against the Texas Employers' Insurance Association. Judgment was rendered for plaintiff. Defendant appeals, and plaintiff moves to dismiss appeal. Motion denied, judgment reversed, and case dismissed.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

R. A. D. Morton, of El Paso, for appellee.

WALTHALL, J. Appellee's motion to dismiss for want of proper notice of appeal is overruled for the reason stated in A., T. & S. F. Ry. Co. v. Hix, 291 S. W. 281, this day decided by this court.

On January 1, 1924, appellee, Guy E. Price, then a resident of Texas, entered into a contract of employment at El Paso, Tex., with C. E. Goetting, a resident of Texas, to work as a mechanic on a road job which Goetting then had under contract and in progress in Lee county, N. M. Price entered upon his duties in New Mexico on February 4, 1924, under the contract of employment, and while so acting in the course of his employment suffered the injuries complained of, in Lee county, N. M. Goetting was at once notified of Price's injuries and took Price to a hospital in New Mexico, where he remained under the care of physicians for some three months, and was then removed to a hospital at El Paso, Tex., and was there, on September 21, 1924, operated upon by reason of his injuries. On November 17, 1925, Price filed his claim with the Industrial Accident Board of Texas, for compensation, against the appellant, Texas Employers' Insurance Association. On January 8, 1926, the Industrial Accident Board made its final ruling, dismissing the claim from consideration and discharging the Texas Employers' Insurance Association from liability, for the reason, as stated in its order, that Price did not make claim for compensation within the period of six months

following the infliction of said injury, and had not established to the satisfaction of the board that his claim for compensation was meritorious, or that any good reason existed why the board should waive compliance with the legal requirement to file claim within six months.

In due time Price gave notice that he was not willing and did not consent to abide the final ruling, decision, and award of the board, and in due time filed this suit to set aside the award of the board, because, as alleged, not in accordance with the statutes of this state and unjust in denying to him its benefits.

This suit was filed and prosecuted to final judgment in the district court of El Paso county, Tex., resulting in a verdict and judgment in favor of appellee, Price, and against appellant, Texas Employers' Insurance Association, from which judgment appellant prosecutes this appeal.

### Opinion.

The first question presented is that of jurisdiction, appellant insisting that, Price having pleaded and all the proof affirmatively showing that his injuries occurred in Lee county, N. M., the district court of El Paso county, Tex., did not have jurisdiction to hear the cause or dispose of the cause on its merits on an appeal from the final judgment of the Industrial Accident Board of Texas, refusing compensation, for the reason that El Paso county was not the county in which appellee's injuries occurred; that by express terms of the Texas Workmen's Compensation Act (Rev. St. 1925, arts. 8036–8309), no jurisdiction is vested in such court, and the trial judge should have dismissed the suit.

Appellant introduced in evidence policy No. 05146 with Texas Employers' Insurance Association, C. A. Goetting, subscriber, dated June 1, 1923, and expiring June 1, 1924. The accident to Price causing the injuries complained of occurred within the time covered by the policy. Pretermitting every other question raised by the pleadings or evidence occurring subsequent to the accident, and sought to be raised and presented by assignments and points in briefs filed, and for the purpose only of determining the one question of the jurisdiction of the district court of El Paso county, Tex., we will assume that the policy of appellant association was in full force at the time of the accident, and embraced the claim of appellee for compensation for the injury complained of and that the claim for compensation, under the provisions of the Workmen's Compensation Act of Texas, was duly and timely presented to the Industrial Accident Board of Texas and by the board disposed of by final order refusing award.

[1] The rights sought to be enforced by the suit and the remedies provided therefor

are purely statutory, as distinguished from the common-law rights and remedies, and for that reason the general rule to be applied is that the statutory provisions making effective such rights are exclusive and mandatory in asserting and maintaining such rights, and such rule is applied from the time of the injury to its final adjudication and necessary to the exercise of jurisdiction by every statutory agency. Mingus v. Wadley et al., 115 Tex. 551, 285 S. W. 1084, and the cases referred to in discussing the several propositions presented.

[2] Article 8306, part 1, § 19, Texas Civil Statutes 1925, reads:

"If an employee who has been hired in this state sustained injury in the course of his employment he shall be entitled to compensation according to the law of this state, even though such injury was received outside of the state."

The portion of article 5246—44, Tex. Comp. St. 1920, having application to the question under consideration at the time of the accident, causing the injury, reads:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board * * * shall within twenty days after giving such notice [to the adverse party and to the board] bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision. * * * Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act."

Revised Civil Statutes 1925, art. 8307, § 5, in force at the time of the filing of appellee's original petition herein, reads as does the article last above quoted, except that it provides that the interested party "shall within twenty, days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision."

The above presents no material change in the law. The statutes quoted provide, in substance, that an employee, hired in this state and sustaining injury in the course of his employment, is entitled to compensation, though his injury was received outside the state. His claim for compensation must be duly presented to the Industrial Accident Board, and, if not willing and does not consent to abide by its decision, he must bring his suit in the county where the injury occurred to set aside the decision, and the rights and liabilities of the parties to the suit are determined by the provisions of the Workmen's Compensation Law. It is readily seen that, if the law providing that the suit to set aside the decision of the board must be brought in the county where the injury occurred is exclusive, mandatory, and jurisdictional, no exception being found in the law as to injuries occurring outside the state, the

291 S.W.—19

action of the board would necessarily be final. In Mingus v. Wadley et al., supra, the Supreme Court used this language:

"As to the county where suit to set aside an award may be brought, the statute is clearly mandatory. Revised Statutes, art. 8307, § 5, provides that the suit to set aside the final award of the board 'shall' be brought 'in the county where the injury occurred.' The language used is mandatory, and its purpose evident. Such a suit of necessity involves the fact of the accident, the issue of the injury, and the wages of the claimant; all of which may be established with less expense, trouble, and delay in the county where the injury occurred than in any other county.

"Having in mind the general rule that Workmen's Compensation Acts are to be liberally construed to effectuate their beneficial purpose, there can be no doubt that, when the Legislature specified the county in which a suit to vacate an award should 'be filed as the county where the accident occurred, the specification was exclusive and intended to be jurisdictional. In fact, the statute itself declares that the rights of the parties are to be determined 'by the provisions of this law.' Besides, in special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional" (citing cases so holding).

In Oilmen's Reciprocal Ass'n v. Franklin (Tex. Com. App.) 286 S. W. 195, in which an award of compensation for an injury which occurred in Marion county was made to Franklin by the Industrial Accident Board in accordance with the Workmen's Compensation Law, the association filed its suit in Harrison county to set aside the award. Franklin filed his plea in abatement and bar, insisting that the matter was not justiciable at all and especially not in Harrison county, because the injury occurred in Marion county The trial court treated the matter as being one of venue and transferred the case to Marion county. In the Marion county court Franklin renewed his plea that the suit had not been filed within 20 days after notice. The plea was overruled and Franklin excepted. In the meantime, Franklin brought suit in Marion county against the association to enforce the award, alleging failure to bring suit in the county where the injury occurred to set aside the award. Subsequent to overruling the plea in abatement in the case first mentioned, the suits were consolidated. The result of the trial was a judgment reducing the amount of compensation to Franklin, but otherwise enforcing the award. All parties appealed. On certified questions the Commission of Appeals held that it is not a matter of venue, but it is one of jurisdiction; that the district court of Harrison county erred in transferring the case to Marion county, instead of dismissing the same on Franklin's plea; that the Marion county court did not acquire jurisdiction by virtue of the order of transfer;

that the Marion county court erred in not dismissing the suit on Franklin's plea. The opinion of the Commission of Appeals on the certified questions was adopted by the Supreme Court. We need not further review the case on other interesting questions of jurisdiction discussed in the opinion.

The parties to this appeal in their briefs present other questions for our consideration, but having concluded that the trial court was without jurisdiction, the injury complained of having occurred outside this state, and the law under the Workmen's Compensation Act requiring suits to set aside the award of the Industrial Accident Board to be brought in the county where the injury occurred being jurisdictional, and the Legislature not having provided a court in which to bring suit to set aside an award by the board, where the injury complained of occurred outside the state, it is our opinion that the action of the board is final.

The judgment of the trial court is here reversed and set aside, and the case ordered dismissed.

Reversed and dismissed.

## On Motion for Rehearing.

Appellee has filed here a most interesting motion for rehearing, and but for some error in stating the time Price entered upon his duties in New Mexico, and the time Price filed his claim with the Industrial Accident Board of Texas, and appellee's insistence that the correct dates be given, we would not feel called upon to make further observations than in the original opinion.

A reference to the record shows that Price entered upon his duties in New Mexico shortly after January 1, 1924, instead of February 4, 1924, as stated in the opinion.

Price's claim for compensation was filed with the Industrial Accident Board of Texas on July 25, 1925, instead of November 17, 1925, as stated in the opinion.

We might further say that it occurs to us that, in discussing his claim for compensation for injuries received, appellee overlooks the fact that his suit is necessarily based upon and prosecuted under the Workmen's Compensation Act of Texas, and is not the presentation of a claim for damages, a transitory common-law action, against the party who, by some negligent act, caused his injuries.

The Texas Employers' Insurance Association, the party sued and against whom the claim for compensation is made, was not his employer, nor was it in any wise connected with the work Price was engaged in when injured, and, if liable in any way, it must be by reason of its undertaking to compensate for injuries under the Workmen's Compensation Act of Texas.

For reasons stated, the authorities used by appellee in his motion for rehearing, discussing the rights of parties at common law to recover for damages against those who are responsible for acts of negligence causing the damage, are not applicable in this case.

Other than to make correction as to the above dates, the motion is overruled.

## On Motion to Retax Costs.

HIGGINS, J. [3, 4] Appellee moves to tax the costs of the appeal against the appellant because the case was reversed upon fundamental error not raised in the court below.

Article 1870, R. S. 1925, taxes the costs of appeal against the appellee in any case reversed. The statute makes no exception, in which respect it differs from article 2066, relating to district and county courts, which authorizes the court, for good cause to be stated on the record, to adjudge the costs otherwise than as provided in that chapter. Article 1870 specifically directs that the appellant shall be entitled to an execution against the appellee for costs occasioned by the appeal. It makes no exception in cases reversed upon fundamental error, not raised in the court below. The courts, however, have ingrafted an apparent exception in cases where unimportant modifications of the judgment have been made respecting minor errors, which could have and, no doubt, would have been corrected in the court below, if called to the attention of that court. See 1 Sayles' Texas Civil Practice, § 739. Helm v. Weaver, 69 Tex. 143, 6 S. W. 420; Lee v. Welborne, 71 Tex. 500, 9 S. W. 471; McDaniel v. Martin (Tex. Civ. App.) 25 S. W. 1041; Chapman v. Bolton (Tex. Civ. App.) 25 S. W. 1001.

The case of Mercedes Produce Co. v. Roddy (Tex. Civ. App.) 249 S. W. 249, cited in the motion, is an application of the doctrine of those cases.

Commercial Credit Co. v. Moore (Tex. Civ. App.) 270 S. W. 582, supports appellee's motion, but the broad rule there announced, taxing the costs of the appeal against the plaintiff in error simply because the case was reversed upon a fundamental error not raised in the trial court, is in conflict with the statute, and, in our opinion, goes too far. The Roddy Case, which it cites in support of its ruling, contains some broad statements supporting the same, but, as above pointed out, the Roddy Case is merely an application of the exception ingrafted by the courts upon the statute.

We are therefore of the opinion the motion to retax the costs of the appeal against the appellant should be overruled.