## INDEMNITY INS. CO. OF NORTH AMERICA v. KELLEY.

### No. 2157.

Court of Civil Appeals of Texas. Beaumont.
Dec. 18, 1931.

Rehearing Denied Jan. 6, 1932.

Walker & Moore and Barnes & Barnes, all of Beaumont, for appellant.

Fred A. White, of Port Arthur, for appellee.

O'QUINN, J.

Appellee instituted this suit in the district court of Jefferson county on May 15, 1930, to set aside a compromise settlement agreement entered into by and between him, as insured employee, and appellant, the insurer of appellee, under the Workmen's Compensation Act of the state of Texas (Vernon's Ann. Civ. St. art. 8306 et seq.). The compromise settlement was made November 5, 1929, was duly presented to the Industrial Accident Board for approval, and was by said board approved November 12, 1929. As grounds for setting aside the agreed settlement, appellee alleged that said settlement was induced by appellant by fraud, misrepresentations, and deceit, and mental incapacity on the part of appellee to contract at the time the contract was executed.

Appellee further alleged that, by reason of an injury received by him as an employee of the Gulf Refining Company, about September 3, 1929, he was totally and permanently incapacitated from performing labor, and was therefore entitled to receive compensation for 401 weeks; that he earned 64 cents per hour, worked 6 days per week and eight hours per day, and fully pleaded the fraud alleged to have been practiced by appellant in inducing him to make the settlement agreement, and further alleged that at the time he made said agreed settlement he was so under the influence of opiates administered to him by a physician to alleviate the pain he was suffering as to be incapable of understanding the nature and effect of the agreement; that, since the making of said agreement, he had spent the money received in said settlement, and was unable to tender same back to appellant in cash, but did tender and offer to set off said amount out of any recovery he might obtain against appellant.

Appellee further alleged that on September 10, 1929, he gave the Industrial Accident Board notice of his injuries, and on April 14, 1930, filed his claim for compensation with said board, but that same had not been passed upon by the board, that the purported agreed settlement between him and appellant was void, and should be canceled and held for naught, for the reasons before stated, and prayed that he have judgment declaring said agreement void and unenforceable, and its approval by said board void and of no force, and that said judgment order said board to hear his claim on its merits and enter such decree as to which he was entitled under the facts and the law.

Appellant answered by plea to the jurisdiction of the court, plea in abatement, general demurrer, special exceptions, general denial, and several special defenses.

Appellant's plea to .the jurisdiction, in abatement, and all the demurrers and exceptions were overruled. The case was then tried to a jury upon special issues, and upon their answers judgment was entered setting aside the settlement agreement. Motion for a new trial was overruled, and the case is before us on appeal.

■■ Appellant's proposition that the court erred in not sustaining its plea to the jurisdiction of the court because appellee did not allege and prove that his injury was received in Jefferson county is overruled. We think appellee's petition sufficiently alleges that his injury occurred in Jefferson county. He alleged that appellant was a foreign corporation with a permit to do business in the state of Texas, "with an agent and representative located in the city of Port Arthur, Jefferson County, Texas," and then alleged that on the date of his injury "he was employed by the Gulf Refining Company, at its refinery in Port

Arthur, Texas," and "that on said date the plaintiff herein received an injury in the course of his employment for the Gulf Refining Company and while on duty. * * *" These allegations, considered together, amply alleged that the injury of appellee was received in Jefferson county, Tex. Furthermore, this is not a suit for compensation, or to set aside an award of the Industrial Accident Board, but is a suit to set aside and cancel a compromise settlement agreement between appellant and appellee on the alleged grounds of fraud on the part of appellant in inducing appellee to make the agreement, and on the further ground of mental incapacity on the part of appellee to make such agreement at the time it was made. Therefore the case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1085, and other causes of similar holding, do not apply. The approval by the Industrial Accident Board of the compromise settlement agreement is not such an order or award of the board as to make applicable the procedure of the compensation statute in suits to set aside a compromise settlement agreement. The court had jurisdiction of the suit, and, if applicable, there was no plea of privilege by appellant.

■ The second and third propositions are to the effect that the court erred (a) in not sustaining appellant's general demurrer because appellee did not allege that he gave notice of his injury to his employer, or to the appellant, within 30 days after the injury, and that he filed his claim for compensation with the Industrial Accident Board within 6 months after the date of his injury, but that appellee's petition disclosed that his said claim for compensation was not filed until April 14, 1930, more than 7 months after his accident; and (b) that appellee's petition, showing that the compromise settlement agreement was filed with and approved by the Industrial Accident Board, and no appeal was taken from the order of the board approving such settlement, but claim for compensation was filed before said board on April 14, 1930, by appellee, and which claim had not been acted on by said board, and this suit not being an appeal from any order or ruling of said board, or from said board's refusal to make an order, was in effect an effort to have the trial court take and exercise original jurisdiction of and over a compensation claim still pending before said board, by reason of which the court had no jurisdiction to hear and determine the matter.

These assignments are overruled. This is not a suit for compensation, nor an appeal from any order or award of the Industrial Accident Board. It is not sought in this suit to have the court hear and render judgment on the merits of appellee's claim for compensation. The only object of the suit is to set aside a compromise settlement agreement made by appellant and appellee on the grounds heretofore mentioned, leaving the matter of compensation to be determined by the Industrial Accident Board, where it is now pending. As we conceive, the matters and things in these assignments asserted as error have no application to the suit; therefore the authorities cited under these assignments are not in point. What we have said disposes of appellant's fifth, tenth, and seventeenth propositions.

■ The sixth and seventh propositions urge that the court erred in entering judgment setting aside and canceling the compromise settlement agreement, because, after appellee had made said settlement agreement and had received the check for $1,500 in full payment, and "when appellee knew full well whence the check came and the purposes for which it was given, and knowing all these things, went forward and deposited the same and spent all of the proceeds thereof without offering to return any part thereof, and when at no time did appellee state to appellant that he had disaffirmed the release contract, appellee had ratified the same as a matter of law," and was estopped to maintain this suit to cancel and set aside the agreed settlement.

These assignments are overruled. Ratification is a question of fact. 52 C. J. 1146. The general rule now obtaining is that, for estoppel to be presented as a matter of defense, it must be specially pleaded. 10 R. C. L. § 148, p. 842. There being no such defense here pleaded, the issue was not raised for decision. Crowley v. Williams (Tex. Civ. App.) 15 S.W.(2d) 661; Reo Motor Car Co. of Texas v. Barnes (Tex. Civ. App.) 9 S.W.(2d) 374. On the question of tender, in cases of this character, where one shows that the entire amount received by him has been expended for necessities, and that he is unable to return same, and offers to allow the amount so received by him to be set off against any judgment which he may obtain, is sufficient, and a tender is not necessary. 9 Tex. Jur. 349; 5 R. C. L. § 22, p. 899; Texas & P. Railway v. Jowers (Tex. Civ. App.) 110 S. W. 946; New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 11 S.W.(2d) 533.

The several propositions asserting error in the admission of certain evidence are overruled. The testimony was admissible, and the form of the questions objected to, if objectionable, was not reversible error; prejudice to appellant not appearing.

■■ The case was submitted to the jury upon special issues. In their answers they eliminated the alleged issue of fraud, as same related to the statements of the doctors to appellee, but they found in favor of appellee on the question of fraud applied to the statements of appellant's agent Berger, made to appellee. But, after answering that ap-

pellant's agent Berger made false statements to appellee concerning his right to recover compensation, and that Berger knew the statements were false, and that he made same with the intention to deceive appellee, they then, in answer to special issue No. 16, found that appellee did not believe the statements made to him by Berger, and in answer to special issue No. 17 found that appellee was induced by the statement made to him by Berger to make the settlement agreement and so settle his claim. These findings are directly in conflict, and destroy each other. This removes the basis for the judgment. While no direct assignment has been leveled at these findings, yet it is fundamental, and must reverse the judgment.

The other matters presented may not arise on another trial, and will not be discussed. The judgment is reversed and remanded for a new trial.