**TRADERS & GENERAL INS. CO. v. TOWNS.**

**No. 2127.**

Court of Civil Appeals of Texas. Waco.
June 15, 1939.

Rehearing Denied July 6, 1939.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, and Lovett & Lovett, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

ALEXANDER, Justice.

This suit was brought by R. A. Towns against Traders & General Insurance Company to set aside a settlement agreement in a workmen's compensation case on the ground that the settlement had been brought about by fraud. A trial before a jury resulted in judgment for plaintiff cancelling and annulling the settlement agreement. The defendant appealed.

· This is a second appeal of the same suit. See R. A. Towns v. Traders & General Insurance Co. Tex.Civ.App., 107 S.W.2d 460. Briefly stated, the evidence showed, in substance, that Towns was employed in Texas by Day Construction Company and sent to New Mexico to work as a laborer in the laying of a pipe line. In line of duty he received an injury to his abdomen, which made him deathly sick and immediately gave evidence of hernia and possibly other internal injuries. This occurred early Saturday morning. He lay on the ground until transportation could be provided, whereupon he was transported overland to Hobbs, New Mexico, and thence to Odessa, and from there to Dallas by train. He was about two days enroute. He suffered intense pain while traveling and it became necessary to bolster up his body in order to make it possible for him to bear the pain. Some time Monday morning he was taken to the office of the insurance carrier in Dallas, where he was introduced to the company's adjuster, Mr. Chamberlain, who sent him to the company physician for examination. After some delay he was examined and advised that he was suffering from a simple case of hernia. It was then Monday afternoon. Towns testified that he had borrowed $2 when he left Hobbs and that his money had about given out when he met Chamberlain. He further testified that he had suffered intense pain throughout the journey and was so nervous and unstrung that he could hardly control himself. He advised Chamberlain that he desired to return to his home town, Corsicana, and be operated on by his own physician. After some negotiations Chamberlain told him that the most compensation that one could get in a hernia case was 60% of his average weekly wage for 26 weeks, but that his was not "worth that much." Towns advised Chamberlain that he was seeking relief and asked that he be allowed to return to his home in Corsicana and that his compensation be paid to him by the week, but Chamberlain told him that the company no longer paid compensation by the week and that it would be necessary to effect a settlement at that time. Towns was a common laborer, wholly unfamiliar with the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and inexperienced in the administration thereof, whereas Chamberlain was well experienced in that line. Towns testified that in reliance on the representations of Chamberlain that the company no longer paid compensation by the week and that the most compensation that one could get in a hernia case was 60% of the average weekly wage for 26 weeks, he

was induced to settle his claim for $375. Sixty percent of his average weekly wage would have amounted to about $20 per week. Chamberlain paid him $25 and withheld the balance until approval could be secured from the Industrial Accident Board.

Towns went immediately to Corsicana where he was operated on for hernia. He remained in the hospital and in bed at home for several days, whereupon new complications arose, as a result of which he was required to undergo another serious operation. He remained in bed for three or four months from that operation and is now probably totally and permanently disabled. Within a few days after his first operation the insurance company secured an approval of the settlement by the Industrial Accident Board, paid Towns the remaining $350, and secured a release from him.

The jury, in answer to special issues, found that Chamberlain represented to the plaintiff that in no event would the insurance company be liable to him for the injuries sustained by him for a larger sum than 60% of his average weekly wage for 26 weeks, and that the company would no longer pay compensation by the week, and that it was necessary that a settlement of plaintiff's claim be effected at the time the agreement was entered into; that the plaintiff believed and relied on the representations made to him by Chamberlain and was induced thereby to settle his claim for $375, and that he would not have done so but for said representations. Based upon such findings, the court entered judgment for plaintiff, cancelling the settlement agreement.

■ Appellant's first contention is that although the jury found that Chamberlain represented to Towns that the insurance company no longer paid compensation by the week, and that in no event would the insurance company be liable for more than 60% of his average weekly wage for 26 weeks, and that the plaintiff believed and relied on these representations, the verdict was insufficient to support the judgment, because there was no finding that the representations were false. The court did not submit specifically and separately whether or not each of these representations was false, but the record does disclose that by special issue No. 28 the court submitted to the jury the question

as to whether the plaintiff was induced to make the settlement "because of any misrepresentations or false statements by the defendant * * *." This issue was answered in the affirmative. The issue as submitted is rather general and does not confine the jury to the specifically false representations otherwise relied on. However, the only misrepresentations relied on in the pleadings and upon which there was any evidence were those above referred to and found by the jury to have been made. The appellant did not object to the form of special issue No. 28. In fact, it requested the submission of the issue in substantially the language as given. Furthermore, we do not think it was necessary for the court to submit the question to the jury as to whether these representations were false. Defendant's own agent testified positively and unequivocally that his company did pay such compensation by the week. There was therefore no dispute on this issue and no necessity for submitting same to the jury. The evidence shows without dispute that plaintiff suffered a hernia and possibly other injuries in the course of his employment, and under Vernon's Annotated Civil Statutes, art. 8306, sec. 12b, appellant's liability for such an injury would have been much greater than that represented by Chamberlain. Since the company's liability as fixed by statute was in excess of that represented by the company's agent, the representation was necessarily false and there was no need for submitting the issue to the jury.

■ The evidence was sufficient to support the jury's finding that the false representations were made by appellant's agent for the purpose of inducing the settlement and that they actually had that effect. While one of the representations made by appellant's agents and relied on herein consisted of a false statement of the law applicable to the case, we think that under the circumstances it was sufficient to constitute the basis of fraud. Appellee was away from home, wounded and without funds. He had suffered intense pain and been practically without sleep for two days and nights. He was seeking relief and for that purpose had gone to the office of the company, the only source from which he had a right to expect relief. Chamberlain was well informed as to the law and must have known

that his representations were untrue. On the other hand, Towns was ignorant as to the law and relied on Chamberlain for a correct interpretation thereof. Under these circumstances, the making of these false representations, although they concerned a matter of law, constituted fraud. See Towns v. Traders & General Insurance Co., Tex.Civ.App., 107 S.W.2d 460, and authorities there cited; Safety Casualty Co. v. McGee, Tex.Com.App., 127 S. W.2d 176, 121 A.L.R. 1263, and authorities there cited.

■ Appellee admitted receiving from appellant the $375 paid to him as a consideration for the purported settlement. In his petition he alleged as follows: "In this connection, and for the purpose of doing equity, plaintiff now tenders to said defendant all sums paid to him under the terms of the aforesaid compromise agreement, and further agrees, that said sums of money so paid to him may be applied as a credit upon any allowance made to him under the Workmen's Compensation Law." Upon the trial he did not actually pay into court or otherwise tender the money so received by him to appellant. Appellant here contends that in the absence of such tender, appellee was not entitled to a judgment cancelling the settlement agreement. In the absence of a special exception, the plea of tender appears to be sufficient, but the difficulty arises from the fact that appellee failed to actually pay the money into court or to allege any excuse for his failure to do so. Ordinarily, a party seeking to set aside a contract procured by fraud must not only plead a tender and pay the money into court for that purpose or else account for his failure to do so. Casualty Reciprocal Exchange v. Bryan, Tex.Civ.App., 101 S.W.2d 895. But, as said in 45 Tex.Jur. 704, "where a compromise is attacked on the ground of fraud and the plaintiff shows that the entire amount received has been expended for necessities and that he is unable to return it and offers to allow the amount so received to be set off against any judgment that he may obtain, a tender is not necessary." See, also, Indemnity Insurance Co. of N. A. v. Sterling, Tex.Civ. App., 51 S.W.2d 788; Indemnity Insurance Co. v. Kelley, Tex.Civ.App., 44 S.W. 2d 756; Id., Tex.Civ.App., 76 S.W.2d 809; New Amsterdam Casualty Co. v. Harrington, Tex.Civ.App., 11 S.W.2d 533.

The appellee did not allege that he was unable to return the consideration, but we think the evidence fairly shows that fact. It is undisputed that he was without funds at the time he was injured; that he paid a large part of the money so received by him from appellant in procuring his first operation—a charge for which appellant was liable under the law—and that since that time he has undergone another serious operation. He had been totally unable to work for a period of approximately two years at the time of his last trial in the lower court. It is readily apparent that he is now without funds. It would be a useless thing for us to now reverse the judgment merely to allow appellee to make the allegation that he is unable to return the consideration received by him. The error is not sufficiently material to require such drastic procedure. This is especially true in view of the fact that under the evidence the appellant is due appellee a sum in excess of the amount heretofore received by him. 9 C.J. 1210; 2 Black on Rescission, sec. 621. There is, however, an error in the judgment which we think requires correction. Although appellee in his pleadings agreed that the amount theretofore so paid to him might be allowed as a credit on the amount owing to him by appellant under the Workmen's Compensation Law, the trial court entered a judgment setting aside the settlement agreement and cancelling the receipt held by appellant, but failed to provide for a credit of the amount so received by appellee on any amount that he might thereafter recover from appellant in the prosecution of his claim for compensation. The judgment will be reformed so as to provide that any recovery hereafter had by appellee against appellant under the Workmen's Compensation Law as a result of the injury in question will be credited with the payment heretofore received by appellee.

We have carefully examined all other assignments and find no reversible error.

■ Since the judgment of the lower court has been reformed in only a minor respect and there was no specific request by appellant to have the judgment altered in the lower court in the respect indicated, the costs of appeal will be taxed against appellant. Texas Employers' Ins. Ass'n v. Price, Tex.Civ.App., 291 S.W. 287; Id., Tex.Com.App., 296 S.W. 284; Crayton v.

Phillips, Tex.Com.App., 4 S.W.2d 961; Grubstake Inv. Ass'n v. Southern Natural Gas Co., 5 Cir., 20 F.2d 1; Smock v. Tandy, 28 Tex. 130.

The judgment of the lower court will be reformed as above indicated and as reformed will be affirmed.

GEORGE, J., took no part in the consideration and disposition of this case.