TEXAS EMPLOYERS INSURANCE ASSOCIATION V. W. W. KENNEDY.

No. 7515. Decided October 16, 1940.
Rehearing overruled December 4, 1940.
(143 S. W., 2d Series, 583.)

*Lawther, Cramer, Perry & Johnson* and *Wm. M. Cramer,* all of Dallas, for plaintiff in error.

The failure of plaintiff to file any claim with the Industrial Accident Board for compensation was fatal to his case and the question of whether or not he had good cause for not filing within the statutory time went out of the case. His failure to tender back to defendant the consideration which he had received for the compromise settlement that was made also barred him from any right of a rescission or cancellation of said settlement

agreement. Stewart v. Houston & T. C. Ry. Co., 62 Texas 246; Casualty Reciprocal Exchange v. Bryan, 101 S. W. (2d) 895; Erickson v. Texas Emp. Ins. Assn., 105 S. W. (2d) 459.

*Eades & Eades* and *Eric Eades, Jr.,* of Dallas, for defendant in error.

Where plaintiff gave notice of his injury to the Industrial Accident Board and his employer had actual knowledge of such injury at the time of its occurrance, and where both plaintiff and defendant entered into a compromise settlement agreement and the said board took cognizance of the plaintiff's claim within six months of the date of the injury, it was not necessary in order to set said agreement aside to show that plaintiff had filed a claim with the board. Central Surety and Ins. Corp. v. McGowan, 93 S. W. (2d) 472; Casualty Reciprocal Exchange v. Berry, 90 S. W. (2d) 595.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by defendant in error, W. W. Kennedy, against plaintiff in error, Texas Employers Insurance Association, to cancel and set aside a compromise settlement agreement theretofore executed by Kennedy and the Association and approved by the Industrial Accident Board, on the ground of alleged fraud in its procurement. At the close of the testimony the jury was peremptorily instructed to return a verdict for the association and, upon the verdict returned in accordance with the instruction, judgment was rendered that Kennedy take nothing. That judgment was reversed by the Court of Civil Appeals and the case remanded, one of the justices dissenting. 121. S. W. (2d) 434.

It is disclosed by the briefs and record that the association contended in the trial court, and still contends, that the plaintiff failed to make out a prima facie case in three particulars, viz: First, by failing to show the filing of a claim for compensation with the Industrial Accident Board within six months after the alleged injury, or an excuse for not so filing; second, by failing to show a tender back of the consideration paid him for the agreement; and, third, by failing to show that actionable fraud was practiced on him.

■ The majority opinion of the Court of Civil Appeals overruled the first and third contentions, but sustained the second, thereby holding that plaintiff neither pleaded nor proved a

fact essential to his right to recover, namely, a tender back by him of the amount paid him under the agreement. That court, nevertheless reversed the trail court's judgment and remanded the cause. We agree with the dissenting opinion upon the proposition that, if any one of the three contentions is upheld, the judgment of the trial court should be affirmed, for an appellate court is not authorized to reverse an errorless judgment. Simmons v. Dickson, 110 Texas 230, 218 S. W. 365; Wiggins v. Stephens (Com. App.) 246 S. W. 84; Perego v. White, 77 Texas 196, 13 S. W. 974; Fowler v. Hardee, 16 S. W. (2d) 154.

The above holding brings about this situation in this Court: The association alone filed an application for writ of error from the judgment of the Court of Civil Appeals, and since the holding of that court was favorable to its contention on the question of the necessity of a tender back by the plaintiff, no assignment was brought by it to this Court challenging that holding. There was such an assignment brought to the Court of Civil Appeals by Kennedy. In such situation the Supreme Court is not limited to a consideration of the assignments brought forward in the application. If the Court of Civil Appeals has rendered a correct judgment, that judgment should be affirmed, provided the record before that court affords a ground for such affirmance. The rule has therefore been developed, and has become well established, that when it is determined that the Court of Civil Appeals erred in basing its judgment on a particular ground, the Supreme Court is authorized to consider the briefs filed in that court, not for the purpose of reversing its judgment, but for the purpose only of determining whether, by considering other assignments therein, it could affirm such judgment. Cox, Inc., v. Humble Oil & Refining Co. (Texas Com. App.) 16 S. W. (2d) 285; Jordan v. Morten Investment Co., 127 Texas 37, 90 S. W .(2d) 241; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123. We have therefore considered the assignment brought to the Court of Civil Appeals by defendant in error, Kennedy, presenting the question of the necessity of a tender back by him of the consideration received for the settlement agreement as a condition precedent to his right to maintain this action.

The general equitable rule is that a plaintiff in a suit for the rescission or cancellation of a contract to which he is a party, must return, or offer to return, any consideration which he has received under the contract. Many Texas authorities so holding are collated in Casualty Reciprocal Exchange v. Bryan, 101 S. W. (2d) 895.

The above is a rule of equity, and not a fixed rule of universal application. For example, in a common law action for damages for personal injuries and to cancel a release and settlement agreement executed by the plaintiff and the defendant, it is well established in this jurisdiction that such tender or offer to tender is not required. Smith v. Atchison T. & S. F. Ry. Co. (Com. App.) 232 S. W. 290; Texas & P. Ry. Co. v. Jowers, 110 S. W. 946 (writ ref.) ; International & G. N. R. Co. v. Shuford, 36 Texas Civ. App., 251, 81 S. W. 1189 (writ ref.) ; Galveston H. & S. A. Ry. Co. v. Cade, 93 S. W. 124 (writ denied).

■ In such case the facts entitling a plaintiff to have the release cancelled negative the existence of any duty to tender back, for he is not entitled to have it cancelled unless he establishes injury, that is, that he has received less than he was entitled to receive. Manifestly, if he establishes that fact, no duty would rest upon him to make a tender. The rights of the defendant can be protected in the judgment by allowing a credit for the payment theretofore made. Similarly, in cases like the instant one, in order for plaintiff to recover he must establish that he has been injured, that is, that he has a meritorious claim for compensation in an amount greater than that which he has received, and if he makes that proof, he should not be required to make a tender. The difference between the two classes of cases lies in the fact that no relief can be granted in cases like the instant one other than that of cancellation. Lumbermen's Reciprocal Association v. Henderson, 15 S. W. (2d) 565; Commercial Casualty Insurance Co. v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081. If the court had jurisdiction to proceed in this action to litigate the association's liability to pay the compensation, then obviously the rule obtaining in common law actions for damages would have application. Under the authorities last above cited, a finding in this case that plaintff has a meritorious claim for additional compensation, will not be binding in a subsequent action for such compensation. This results from the fact that the court has no jurisdiction of actions for compensation except in cases appealed from the board.

It is conceivable that in rare instances it may be held in a suit to cancel an agreement for fraud that plaintiff has received less than he was entitled to, and a contrary holding be made in the compensation case. Notwithstanding such possibility, we have concluded that cases like the instant one should be governed by the rule applicable to cases brought to set aside a release and recover damages in a common law action. We, therefore, hold that plaintiff was not required to tender back the amount

received as a condition precedent to his right to obtain relief herein.

This question has been before the courts of this State in several cases, but has never heretofore been written upon by this Court. In the following cases, in which it was held that a tender back was not necessary, applications were dismissed. Indemnity Ins. Co. v. Kelley, 44 S. W. (2d) 756; Indemnity Ins. Co. v. Sterling, 51 S. W. (2d) 788; Traders & General Ins. Co. v. Towns, 130 S. W. (2d) 445.

■ In the opinions in each of those cases much weight, if not controlling effect, was given to the fact that plaintiff was poor and unable to tender back. That probably accounts for the fact that the applications were dismissed rather than refused. It has been held that the fact that a plaintiff is able to make a tender affords no basis for creating an exception to the rule obtaining in suits for damages. Smith v. Atchison T. & S. F. Ry. Co., supra.

In the case of Traders and General Ins. Co. v. Towns, supra, we find that error was assigned here to the holding of the Court of Civil Appeals that plaintiff was not required to tender back. By dismissing the application for writ of error in that case a judgment was permitted to stand and become final which decreed the cancellation of a settlement agreement in a compensation case where plaintiff had not tendered to the compensation carrier the amount received under such agreement. The effect of our order in dismissing that application was to approve that judgment. That case is, therefore, authority for the conclusion above announced.

But little need be written on the other questions presented. Under the facts of this record it was not necessary that plaintiff make a showing that he had theretofore filed his claim for compensation with the Industrial Accident Board. As stated above, it did devolve upon him to establish in this proceeding that he had a meritorious claim for compensation. Of course, if the record disclosed that he will not be able to recover any compensation at all, he has not been injured and is therefore not entitled to the relief sought in this proceeding. But the record contains no such showing. It discloses that the compromise settlement was made within the six months period following the alleged injury. When that agreement was entered into and approved the Industrial Accident Board lost its jurisdiction to consider any claim in this case or award compensation to plaintiff until same should be set aside. Henderson and Hilton cases, supra. Certainly the plaintiff would not be required to do the

useless thing of filing a claim with a board which had no jurisdiction to consider and pass upon same. If the agreement is cancelled, plaintiff must then be diligent in filing his claim.

On the remaining question of whether there is any evidence at all raising the issue of fraud on the part of the association in the procurement for the release, we have come to the conclusion that the opinion of the majority with reference thereto should be permitted to stand. Probably no question which reaches the appellate courts is more essentially one of fact than that of whether or not a given course of conduct amounts to a legal fraud. From reading the record in this case we are not greatly impressed by plaintiff's alleged case of fraud, but we are unwilling to hold, as a matter of law, that there is no evidence whatever raising such an issue. The majority opinion of the Court of Civil Appeals sets out sufficient of the evidence to raise an issue, and, since the case must be retried on its merits, no reason is perceived for our restating the evidence in this opinion.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court, October 16, 1940.

Rehearing overruled December 4, 1940.