## KENNEDY v. TEXAS EMPLOYERS INS. ASS'N.

### No. 2481.

Court of Civil Appeals of Texas. Tenth District.

Dec. 31, 1942.

Rehearing Denied Feb. 11, 1943.

Eades & Eades and Robert H. Vogel, all of Dallas, for appellant.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellee.

TIREY, Justice.

Plaintiff brought this suit to cancel and set aside compromise settlement agreement

theretofore executed by him and the Texas Employers Insurance Association and approved by the Industrial Accident Board on the ground of alleged fraud in its procurement. This is the second appeal. See Kennedy v. Texas Employers Insurance Ass'n, Tex.Civ.App., 121 S.W.2d 434, opinion by Commission of Appeals, 135 Tex. 486, 143 S.W.2d 583. On the verdict returned into court plaintiff seasonably filed his motion for judgment, which was overruled. The court granted defendant's motion to enter judgment in its favor upon the jury's answers to certain special issues and notwithstanding other answers of the jury. The action of the court on these motions is assailed.

Plaintiff's cause of action was grounded upon an injury he alleged he received on March 13, 1935, while in the course of his employment. On the matters pertinent to this discussion the jury found substantially that Perry Davis (the personnel and claim director of employer and, as found by the jury, agent of the employer and carrier) misrepresented to plaintiff "the cause of the condition which was causing his incapacity"; that plaintiff believed the misrepresentations made to him by the said Perry Davis as to the cause of his disability and that he relied upon the same in making the settlement; that Perry Davis did not know that such representations were false at the time he made them to the plaintiff, and that such misrepresentation was an honest expression of an opinion only. The jury further found that such misrepresentations were material misrepresentations of fact, as distinguished from mere opinions.

█ █ The duty rested upon the plaintiff to show fraud before he was entitled to cancel the settlement agreement which he executed. That the evidence was sufficient to raise the issue of actionable fraud on the part of the Association in the procurement of the release is no longer an open question. See Kennedy v. Texas Employers Ins. Ass'n, 135 Tex. 486, 143 S.W.2d 583. Since the jury found that Perry Davis misrepresented to plaintiff "the cause of the condition which was causing his incapacity," and further found that plaintiff relied and acted upon such misrepresentation, and further found that such misrepresentation was an honest expression of an opinion only, and in their answer to special issue No. 20 found that such misrepresentations were material misrepresentations of fact, as distinguished from mere opinions, we think

it is clear that these last two findings are in irreconcilable conflict on the vital issue of fraud and that the trial court was without authority to reconcile them, nor could he accept one finding and disregard the other, nor could he disregard such conflict and enter any judgment thereon. It follows that we are of the opinion that the trial court, in view of the foregoing conflict, was without authority to enter any judgment either for plaintiff or against plaintiff on his equitable proceeding to set aside the settlement agreement.

█ The plaintiff also had the burden in this equitable proceeding to establish that he had a meritorious claim for compensation. Kennedy v. Texas Employers Ins. Ass'n, 135 Tex. 483, 143 S.W.2d 583. On this issue the jury found, substantially, that plaintiff sustained an accidental injury to his back on or about the 13th day of March, 1935, in the course of his employment, and that he was totally incapacitated by reason of such injury, and that it was permanent. The jury further found, in answer to special issue No. 29, that the cause of the disability which plaintiff suffered after March 13, 1935, was uncertain, indefinite and incapable of being satisfactorily established. If this finding be regarded as an ultimate issue of fact, then this finding is certainly in irreconcilable conflict with the jury's finding to the effect that plaintiff suffered an accidental injury, and that he was totally incapacitated, and that his injury was permanent. As we view the evidence, the trial court was without authority to reconcile this conflict in the jury's verdict on the question of whether plaintiff's claim for compensation was meritorious, nor could he accept one finding and disregard the other, nor could he disregard such conflict and enter any judgment thereon. Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026. It seems clear to us that the jury's findings with respect to each of the controlling issues involved in this cause nullify each other. Texas Motor Coaches v. Palmer, 132 Tex. 77, 121 S.W.2d 323; French v. Hill, Tex.Civ.App., 69 S.W.2d 828; 41 Tex.Jur. § 361, p. 1226. It therefore follows that the trial court was without authority to enter judgment in favor of the insurance carrier and against the plaintiff. Where the jury's verdict is in irreconcilable conflict on ultimate issues of fact controlling the disposition of the case, it is elementary that no judgment can be entered

thereon, and that the verdict of the jury must be set aside and a new trial granted. If such conflict shall result upon another trial, it shall be the duty of the trial court to follow Rule 295, Vernon's Texas Rules of Civil Procedure. See, also, Dallas Railway & Terminal Co. v. Starling, 130 Tex. 379, 110 S.W.2d 557.

The opinion of the Commission of Appeals in this cause, heretofore cited, is clear and explicit and controlling, and a further reference thereto would be of no avail.

Because of the conflicts in the verdict hereinbefore pointed out, this cause must be reversed and remanded for a new trial.

Reversed and remanded.