**UNITED STATES FIDELITY &
GUARANTY COMPANY,
Appellant,**

v.

**Karl E. JOHANSSON, Appellee.**

No. C14–93–00069–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Rehearing Denied Nov. 24, 1993.

Michael A. Fisher, Houston, for appellant.

Elizabeth Burkhardt, Houston, for appellee.

Before ROBERTSON, CANNON and MORSE,* JJ.

### OPINION

CANNON, Justice.

This is an appeal from a judgment rendered after a non-jury trial. Appellant brings three points of error regarding the sufficiency of the evidence supporting the verdict. We reverse and render.

Appellee Karl Johansson was injured on the job. He filed a worker's compensation claim. On December 21, 1988, he entered into a Compromise Settlement Agreement before the Industrial Accident Board. The next day, he gave oral notice of his intent to withdraw his consent before the board approved the agreement. The board approved the agreement on December 23, 1988. The board received written notice of appellee's oral repudiation on January 6 and 10, 1989. On April 19, 1989, the board set aside the

* Morse, J., sitting by designation.

Compromise Settlement Agreement on the ground that it had received a timely request from the employee to withdraw consent. Appellant then appealed to the District Court the issue of whether or not the oral notice of the withdrawal was sufficient to void the Compromise Settlement Agreement. The trial court found for the appellee.

In three points of error, appellant asserts that there is no evidence to support the finding or judgment, the finding and judgment were against the overwhelming weight of the evidence, and the evidence was factually insufficient to support the findings of the trial court and its judgment. The gravamen of the complaint, however, is that the oral repudiation constituted insufficient notice to the Industrial Accident Board of appellee's repudiation. Consequently, we address appellant's points collectively.

The controlling rule, promulgated by the Industrial Accident Board under its rulemaking authority, is explicit:

"The Board's approval of a Compromise Settlement Agreement shall be final at the time the approval is signed by the Board unless the Board has received a request *in writing* prior to the entry of the approval order that one or more of the parties to the agreement wishes to withdraw their consent to the agreement, and the Board permits the withdrawal of such consent. Any such written request of the Board for permission to withdraw consent to an agreement must fully set out the reasons for such request." 28 TEX.ADMIN.CODE § 55.60 (West 1988) (Tex. Indus. Accident Bd., *Board Rules*).

The original rule was adopted in 1977 and provided only that notice of withdrawal was required; there was no provision that such notice be in writing. 2 TEX.REG. 4320 (1977) (prop. to be codified at 28 TEX.ADMIN.CODE § 55.60). The rule was amended in 1985 to specifically provide that notice of withdrawal must be in writing. 10 TEX.REG. 2405–06, 3506 (1985) (prop. amend. to 28 TEX.AD-MIN.CODE § 55.60). The Board went so far as to repeal two other rules that were in conflict with this new provision. 10 TEX.REG.

2406, 3506 (1985) (prop. repeal of 28 TEX.AD-MIN.CODE § 55.55, 55.70). It is obvious that the Industrial Accident Board considered the requirement that notice of withdrawal be in writing to be significant.

■ Texas case law is equally concise. The Industrial Accident Board has no authority to set aside, on any ground, a Compromise Settlement Agreement. *Commercial Casualty Insurance Company v. Hilton,* 126 Tex. 497, 87 S.W.2d 1081 (1935); *Luersen v. Transamerica Insurance Co.,* 550 S.W.2d 171, 173 (Tex.Civ.App.—Austin 1977, writ ref. n.r.e.); *Texas Employers' Insurance Association v. Tobias,* 669 S.W.2d 742, 746 (Tex.App.—San Antonio 1983, writ ref. n.r.e.). Once the Board approves the settlement, the Board loses jurisdiction over the case, and the district court becomes the only proper forum for such a proceeding. *See, Texas Employers Insurance Association v. Kennedy,* 135 Tex. 486, 143 S.W.2d 583, 586 (1940).

■ Appellee urges us that it is well established that the Industrial Accident Board cannot properly approve a Compromise Settlement Agreement when it has notice that one of the parties wishes to withdraw. He relies upon *Angelina Casualty Co. v. Bennett,* 415 S.W.2d 271, 275 (Tex.Civ.App.—Houston 1967, no writ), and *Pacific Indemnity Co. v. Woodall,* 253 S.W.2d 490, 492 (Tex.Civ.App.—Fort Worth 1952, writ ref'd), for support. *Angelina Casualty* and *Pacific Indemnity* are not in conflict with the ruling we hand down today. When the Board has notice, properly submitted pursuant to the rules promulgated by the board governing withdrawal of consent, the Board cannot approve the settlement. In both cases cited by appellee, the Board had effective notice of withdrawal. In appellee's case, notice to the Board was ineffective because it did not comport with Rule 55.60. Prior to October 1, 1985, both oral and written notice were sufficient. But after October 1, 1985, written notice, and only written notice, suffices. Hence, appellee gave no notice.

■ Appellee also contends that Rule 55.60 should be read in conjunction with other rules and case law. He specifically urges

a liberal construction of the rule. Although this court sympathizes with appellee's position, we cannot construe "written notice" to mean other than "in writing." Appellee further urges that Rule 41.5 of the Board Rules permits the Board to suspend any rule if it determines that compliance under particular circumstances will result in injustice. We must reject this argument as well. Once the Board approves the settlement agreement, it loses its jurisdiction over the case. It cannot set aside the agreement on any grounds whatsoever. Even if the Board recited in its order of April 19, 1988 that it was suspending the rules, it remains that the Board had no jurisdiction, and hence no authority, to do so.

■ Appellant asserts that there was no evidence to support the findings and judgment of the trial court. Consequently, we look only to the evidence tending to support the verdict in reaching a determination. *Sherman v. First Nat. Bank,* 760 S.W.2d 240 (Tex.1988). We find no evidence to support the trial court's findings and judgment. Appellant also claims that the findings and judgment are against the overwhelming weight of the evidence. Therefore, the reviewing court must consider all evidence in support of, and contrary to, each challenged finding to ascertain if the findings were so against the great weight and preponderance of evidence as to be manifestly wrong or unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951) (*per curiam*). We find that the findings were so against the great weight and preponderance of the evidence as to be manifestly wrong. Finally, appellant asserts that the evidence was insufficient to support the trial court's findings and judgment. Thus, we must examine all of the evidence presented to determine whether it was insufficient. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We find that the evidence is insufficient to support the findings and the judgment. We sustain appellant's three points of error. We reverse and render the judgment.