### CHARLES KESLER v. ROBERT ROBSON.

Where the plaintiff sued for breach of warranty and fraud in the sale of a slave, for which he had given a quarter of a league of land in exchange, praying damages merely ; and the jury, on issues submitted by the Court, found that the land was worth at the time of the exchange and at the time of the trial, seventy-five cents per acre ; that the defendant had fraudulently represented the slave to be sound ; that he was diseased and valueless ; that the plaintiff tendered him back as soon as he discovered the unsoundness ; and that the plaintiff had sustained damage to the extent of four hundred dollars ; and on the verdict so rendered, the plaintiff claimed both a rescission of the contract, and the damages assessed, but the Court put him to his election ; whereupon he took a decree for the rescission of the contract, and then appealed ; there being no statement of facts, this Court said it was not apparent that there was error, and affirmed the judgment.

Appeal from Colorado. Tried before the Hon. Nelson H. Munger.

The petition alleged the payment of $1600 for the slave, and set out the bill of sale, which acknowledged that to be the consideration, and warranted the slave to be sound. The defendant alleged in his answer, among other matters, that the consideration was in fact a quarter of a league of land, and set out the plaintiff's deed to defendant for same, and prayed that if it should be considered that the slave was unsound at the date of the sale, the contract of exchange should be rescinded, &c. The other facts are stated in the Opinion.

*G. W. Smith*, for appellant.

*J. H. Robson*, for appellee.

HEMPHILL, CH. J. The appellant purchased in June, 1854,

a negro boy from the appellee, in exchange for a tract of land. The slave was unsound, and the appellant sued for breach of warranty, charging the appellee with fraudulent misrepresentations, &c., and praying judgment for two thousand dollars damages, and for other relief, &c. The cause being submitted to the jury, they returned a verdict upon numerous special issues, submitted to them, to the effect that the boy and the land were exchanged for each other on the 19th June, 1854 ; that the land was then and now worth seventy-five cents per acre ; that the negro was not sound at the time of the exchange, and was worth nothing, and was tendered back with a request to cancel the trade on the 1st August, 1854 ; that the hire of the boy was worth nothing ; that the boy was himself worth nothing at the time of the verdict ; that he was not injured by any improper treatment on the part of the appellant ; that the appellee was guilty of fraudulent concealment or representations, and that the appellant had sustained damages to the amount of four hundred dollars.

The appellant moved the Court, on this verdict, to rescind the contract and decree to him the land and four hundred dollars damages, and the negro to the appellee. This the Court refused, and compelled, (as stated in the record,) the appellant to elect whether the contract should be rescinded without judgment for the four hundred dollars damages, or judgment should be rendered for the four hundred dollars damages without a rescission of the contract. The appellant elected a rescission of the contract, insisting, however, that he should have judgment also for the damages. But the Court entered judgment rescinding the contract, and cancelling the conveyance of the land and the bill of sale of the negro ; and, on appeal, it is insisted that there was error in refusing to adjudge to the appellant the four hundred dollars as damages. The fifteenth special issue, as it is called, was, " Has the plaintiff sustained " any damage ? Ans. He has ;" and the sixteenth, " If yea, " what ? Ans. Four hundred dollars." What was the precise

intention of the Court, in propounding these interrogatories to the jury, and what the exact meaning of the response, is doubtful. The plaintiff had laid his damages at two thousand dollars, but he had not prayed a rescission of the contract, and his claim for damages was not based on the supposition of a rescission. He did not claim a restoration of his land, and also the damages incurred by the transaction ; but, on the supposition of the loss of his land, he estimated his damages at two thousand dollars. There was no specific allegation of damage, independent of and distinct from the loss of the purchase money or land given for the boy. The two thousand dollars was the aggregate damage, land included. There was no distinct issue or averment in the petition, which set up a partial damage, suffered from the loss of the services of the boy merely, or from fraudulent representations.

Whether the Court intended that the jury should assess the whole damage, as was claimed in the petition, including the loss of the consideration, or the particular damage that may have been suffered, in the event that the consideration was restored, is left to conjecture. The presumption from the subsequent action of the Court, is, that the issue was framed to meet the averments of the petition, and that the entire damages of the plaintiff was the matter proposed for inquiry. But let it be admitted, (and the assumption is favorable to the appellant) that the jury intended to find punitory damages for the false representations of the defendant, yet it is not clear that there was error in disregarding the verdict. It does not appear whether these issues were framed on the pleadings, before the introduction of evidence, or afterwards. There is no statement of facts ; and whether there was any, and what was the evidence in relation to damages, loss of service, fraud, &c., cannot be known. It may be that in the opinion of the Court, the finding of the jury was contrary to the evidence, and as such, that it should not be sanctioned by judgment.— But the plaintiff was not without redress. He was not com-

pelled to choose between alternative judgments. He might have remained silent, and if not satisfied with the judgment entered, he might have moved for a new trial, and have caused the facts to be certified to this Court.

Upon the whole, it is not clear what was intended by the jury. The District Court, with the facts before it, was the best judge of the true import of the verdict, and whether it was sustained or contradicted by the proof. The presumption is in favor of the correctness of the ruling by the Court, and we have not the facts by which to test or repel the presumption. It is apparent, also, that substantial justice is done by the judgment. The appellant has recovered his land, which, with the increasing prosperity of the country, must rise in value ; and the appellee is recharged with the care and maintenance of his diseased slave, a burthen, which, if not continually increased, will not, during the life of the slave, be diminished.

It is not apparent that there is error in the judgment, and it is ordered that the same be affirmed.

Judgment affirmed.