## JENKINS v. NORTHWESTERN PIPE & SUPPLY CO. (No. 837–4900.)

Commission of Appeals of Texas, Section B. Nov. 30, 1927.

1. Appeal and error ⬤⇒930(3)—Where case is tried on special issues, judge is presumed to have found any material fact as to which neither party tendered issue, but which is supported by testimony in harmony with judgment rendered.

Where case is tried on special issues, trial judge is presumed to have found any material fact in issue supported by testimony as to which neither party tendered issue in harmony with judgment rendered.

2. Sales ⬤⇒411—Petition, alleging rescission of contract, held not·sufficient to state cause of action for damages for breach.

In action by buyer of oil well casing against seller, petition for rescission, not asking in alternative for damages for breach of contract, held not sufficient to state cause of action for damages for breach.

**3. Sales ⊙⟶130(2)—Party may, by pleading in alternative, on failure to gain rescission, recover damages for breach of contract.**

By pleading in alternative party to contract of sale, may, on failure of jury and court to give relief by treating contract as having been rescinded, recover damages for breach of contract.

**4. Sales ⊙⟶427—Buyers, seeking rescission of contract, cannot ask damages for breach of. warranty.**

Buyers must either rescind contract of sale as whole or treat is as binding and rely on warranty therein as basis for damages, and may not repudiate it by asking rescission and at same time affirm by seeking damages for breach of such warranty.

**5. Trial ⊙⟶396(2)—Supposed finding that oil well casing was worthless cannot be considered on appeal, in absence of proper pleading.**

In action by sellers against buyer for breach of alleged warranty in contract for sale of oil well casing, supposed finding of fact by trial court in support of judgment that casing actually delivered was worthless, though supported by some testimony, cannot be considered on appeal, in absence of pleading on which to base such finding.

**6. Sales ⊙⟶121, 288(2)—Buyers of oil well casing, not fulfilling alleged warranty in contract, accepting it as complying therewith, held not entitled to recover warranty damages or on theory of rescission.**

Where buyers of oil well casing, after learning casing did not comply with warranty in contract of sale, proceeded with pulling it with intention to accept it as in compliance with contract, they were not entitled to recover either on theory of rescission of contract or for damages for breach of alleged warranty in contract.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the Northwestern Pipe & Supply Company against J. J. Jenkins. From a judgment for plaintiff, defendant appealed to the Amarillo Court of Civil Appeals, which affirmed the judgment, and defendant brings error. Judgments reversed, and case remanded.

Kenley, Dawson & Holliday, of Wichita Falls, for plaintiff in error.

Carrigan, Britain, Morgan & King, W. E. Wilson, and E. R. Surles, all of Wichita Falls, for defendant in error.

SHORT, P. J. This suit grows out of a transaction wherein the plaintiff in error sold to the defendants in error a quantity of casing located in an abandoned well, the casing intended to be bought weighing 20 pounds to the lineal foot, for a consideration of $200 actually paid upon the delivery of the bill of sale. When the defendants in error began to extract the casing from the well, they discovered for the first time that the casing only weighed 13 pounds to the lineal foot. Whereupon the defendants in error tendered the casing back to the plaintiff in error and demanded the return of the $200. This tender having been declined, this suit was brought in the county court at law of Wichita county, Tex., and upon the trial to a jury, wherein special issues were presented and answered, a verdict for the defendants in error for $360 was rendered, the defendants in error having sued for $385, of which $200 represented the original purchase price and $185 represented the lost profits. The plaintiff in error having appealed to the Court of Civil Appeals at Amarillo, the judgment of the trial court was affirmed. Whereupon writ of error was granted by the Supreme Court.

The jury answered that the defendants in error, at the time they paid the $200 for the casing, did not rely upon their own knowledge or investigation as to the kind of casing they were purchasing, but did rely upon the provision in the bill of sale as to the weight of casing. In answer to special issue No. 3, the jury answered that, immediately after learning the casing was not a 20-pound casing the defendants in error proceeded with the pulling of the same, with the intention to accept it as in compliance with the contract. The testimony in the case is sufficient to support each of these findings.

[1] There is also testimony in the case which would justify a finding by the trial court that the casing actually sold was worthless, and it is upon the assumption that the trial judge did so find this fact that the Court of Civil Appeals based its conclusion that the judgment of the trial court should be affirmed, since it is a familiar principle of the law that, where a case is tried on special issues and neither party tenders an issue and a judgment is rendered, the trial judge is presumed to have found any material fact in issue supported by testimony in harmony with the judgment rendered.

[2] The defendants in error in their pleading, after alleging the contract of sale between the parties and their performance of their part of the terms and the discovery that the casing was not 20-pound casing, but was 13-pound casing, then alleged that immediately on such discovery they notified the plaintiff in error of said fact and refused to accept the casing and tendered it back and have at all times been ready and willing to deliver it to the plaintiff in error. They then alleged that the reasonable market value of the 20-pound casing in the condition and of the age of that supposed to be in the well was $510 and the reasonable cost and expense of pulling the casing would not have exceeded $125. They then alleged that they purchased the casing for the purpose of re-

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sale and that, if it had been 20-pound casing, they would have sold it at a profit of $185. They therefore alleged that they were entitled to recover the purchase price of $200 and the profit of $185, aggregating $385.

The plaintiff in error answered by general and special exceptions, general denial, and, among other things, specially answered that the defendants in error had elected to affirm the contract and accept the casing after discovering the casing to be of the weight of 13 pounds, and it has been seen that the jury found that the defendants in error had so elected to affirm the contract. There is no allegation in the petition that the casing actually sold was entirely worthless, nor is there any allegation in the petition that the property received and accepted was worth less than the value of the property mentioned in the contract. Since the court rendered a judgment for $360, and since it appears that the defendants in error only paid $200 for the property, and since they alleged the profits were $185, upon which latter claim the testimony is not very clear, we must assume that this $360 was made up of the $200 purchase money and $160 found by the court to be the profits lost by the defendants in error. We must also assume, in view of the finding of the jury in answer to issue No. 3, that the judgment was based upon a finding that the defendants' in error had suffered this amount of money in damages growing out of the admitted fact that the casing actually sold was different from that actually contracted for.

[3] We are inclined to the opinion that the petition of the defendants in error evidences the fact that this is a suit for rescission. The jury found that the defendants in error were not entitled to a rescission, since they accepted the casing after discovery of its true condition with intention to accept it as in compliance with the terms of the contract. The petition is not sufficient to state a cause of action for damages after expunging from it those allegations upon which the defendants in error sought to base a recovery as upon rescission. The defendants in error might have so framed their petition as that, upon failure of the jury and the court to give them relief by treating the contract as having been rescinded and allowing a recovery of the money paid with interest, they would be able to recover their damages flowing from the failure of the plaintiff in error to comply with his contract. To have done this successfully would have required a pleading in the alternative. This was not done.

In Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828, Chief Justice Willie, speaking for the Supreme Court of this state on this subject, says:

"It is well settled by frequent decisions of this court that, where the vendor reserves an express lien to secure the purchase money of the land, the contract is executory; and in default of payment of the purchase money the vendor may either affirm the contract, sue for the money, and foreclose his lien, or he may rescind the contract, and recover the land itself. Tom v. Wollhoefer, 61 Tex. 277; Coddington v. Wells, 59 Tex. 50; Ransom v. Brown, 63 Tex. 188. But it has never been held that he could affirm the contract in part and rescind as to the remainder. The contract is an entirety and as such must either be affirmed or rescinded."

[4] The defendants in error cannot repudiate the contract of sale by asking rescission and at the same time affirm it by seeking damages for the breach of an alleged warranty therein. They must either rescind as a whole or treat the contract as binding and rely upon the warranty as a basis for damages. Kesler v. Robson, 16 Tex. 119; Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264; Blythe v. Speake, 23 Tex. 429; Scalf v. Tompkins, 61 Tex. 476.

[5, 6] The supposed finding of fact by the trial judge in support of the judgment rendered that the casing actually delivered was worthless, supported as it is by some testimony in the record, cannot be considered for the reason that there is no pleading upon which to base such a finding. Moreover, even if there was pleading upon which to base such finding and we should be in error that the petition evidences a suit for rescission, yet the judgment cannot be sustained for the reason that the jury, in answer to special issue No. 3, found that the defendants in error, after learning that the casing was not 20-pound casing, proceeded with the pulling of it, with the intention to accept it as in compliance with the contract. This finding of fact by the jury had the legal effect of denying to the defendants in error any recovery upon any theory of the case, whether of rescission or for damages.

The questions we have discussed were raised in due time and in a proper way by the plaintiff in error by appropriate assignments, and, these assignments having been brought forward in the application for the writ of error, they are therefore sustained.

We recommend that the judgment of the Court of Civil Appeals affirming that of the trial court, as well as the judgment of the trial court, be reversed and that the case be remanded for further proceedings not inconsistent with this opinion.

CURETON, C. J. Judgments of the Court of Civil Appeals and trial court are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.