## PARK v. GULF COAST SHRINE CLUB.

No. 8757.

Court of Civil Appeals of Texas. San Antonio.

Feb. 24, 1932.

Rehearing Denied April 27, 1932.

Boone & Raymer and Allen V. Davis, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

This is a suit instituted by appellee against appellant to recover on a promissory note for $300. No jury was demanded, and the court heard the testimony and rendered judgment for $378.07 in favor of appellee.

The facts are that the appellee had elected appellant as a member of the club, and, under a provision of the by-laws, appellant was given a deed to a certain lot out of a tract of land owned by the club, upon appellant executing the note which is the basis of this suit. The note is as follows:

"$300.00        Corpus Christi, Texas, "February 15th, 1928.

"On or before the time hereinafter fixed, waiving grace and notice, I, or either of us, for value received, promise to pay to the order of Corpus Christi Shrine Club, Three Hundred Dollars, at Corpus Christi, Texas, with interest from date until paid at the rate of seven per cent. per annum, and if collected by legal proceeding or placed in the hands of an attorney for collection then an additional amount of ten per cent. on the amount due as principal and interest shall be added thereto and collected as attorney's fees.

"This note shall be paid at the rate of Ten ($10.00) Dollars per month after and beginning with March 15th, 1928, with interest, less credits on the back hereof.

"This note may be pledged as earnest money for purchase of La Quinta Club property, consisting of approximately 335 acres in San Patricio County, Texas.

"When deal is closed for the purchase of said property, the proceeds of this note shall be credited to the payment of the purchase money for lot in Shrine Subdivision to be mapped, designated and improved as the Shrine Club may agree upon.

"Consideration for lot not to exceed Three Hundred ($300.00) Dollars.

"Payment for said lot to constitute membership in Shrine Club according to the rules thereof, and membership shall represent ownership and the governing authority of said club.

"C. R. Park, Sinton, Texas."

Appellant failed to make the payments required by his contract, and on November 27, 1928, appellant was dropped from the roll of the members of the club, and his claim to the lot which was to be awarded him was canceled. That is, the club expelled appellant from membership, canceled his claim to the land, and then sued him on the note.

Under the terms of the contract appellant was to have a lot assigned to him; and lot No. 27 was assigned to him. No title to a lot was ever transferred to a member, but he was allowed to build on it and retain possession as long as he was a member.

Appellee could, for legal and sufficient reasons, forfeit the rights of membership of any one in the club, and cancel all his right or interest in the lot awarded him, or it could allow the membership to remain, the interest in the lot to exist, and sue the member on the note. The club elected to exercise the right of forfeiture or rescission in this case. It deprived appellant of every right he may have had in the club and then followed him up with a suit to recover on the promissory note given for the very rights of which he had been deprived. The club destroyed the consideration for the contract and then enforced the contract as against appellant. He had made payments on the contract. Appellee elected the remedy of rescission and exercised it, and is bound by it just as firmly as though it had obtained the rescission in a court of equity. Both parties accepted the rescission, and in equity and good conscience the right of recovery on the note was lost to appellee. Tex. Jur. vol. 10, §§ 262, 263, p. 451, § 291, p. 386, and authorities cited. In the case of Jenkins v. Pipe & Supply Co. (Tex. Com. App.) 299 S. W. 857, 859, it is held:

"The defendants in error cannot repudiate the contract of sale by asking rescission and at the same time affirm it by seeking damages for the breach of an alleged warranty therein. They must either rescind as a whole or treat the contract as binding and rely upon the warranty as a basis for damages. Kesler v. Robson, 16 Tex. 119; Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264; Blythe v. Speake, 23 Tex. 429; Scalf v. Tompkins, 61 Tex. 476."

Appellee cannot have a double recovery and must be held to its rescission of the contract. "He who seeks equity must do equity," and it would be inequitable and unjust to force appellant to pay a sum of money agreed to be paid for certain property and privileges of which he had been deprived by appellee.

The judgment is reversed, and judgment here rendered that appellee take nothing by its suit and pay all costs in this behalf expended.