GULF COAST SHRINE CLUB et al. v. CLARKSON.

No. 2658.

Court of Civil Appeals of Texas. Beaumont.

Sept. 27, 1934.

Sidney P. Chandler, of Corpus Christi, for appellants.

Felix A. Raymer, of Houston, for appellee.

WALKER, Chief Justice.

This appeal was perfected to the San Antonio Court of Civil Appeals and transferred to this court by orders of the Supreme Court. This is a companion case with Park v. Gulf Coast Shrine Club (Tex. Civ. App.) 48 S.W. (2d) 765, where the pleadings and facts are succinctly summarized. About 225 "members," including this appellee, executed notes identical in terms with the note copied into the opinion in the Park Case.

Appellants make the following statement to distinguish this case from the Park Case: "The trial court based its decision upjon Park v. Gulf Coast Shrine Club (Tex. Civ. App.) 48 S.W.(2d) 765. An inspection of that case will show that the opinion is entirely contrary to the law as announced in the cases hereinbefore cited and that the contract therein sued upon, as the contract herein sued upon, does not give the Club any such remedy. Furthermore, the record in that case, and the record in this case, are entirely different. The suit in that case was by the Club and the suit in this case is by the trustees of the Club for the benefit of the Creditors of the Club and is by some of the creditors of the Club. There is another very distinct difference existing in this case and in the Park Case, which is that in the case at bar, there is no pleading whatever of an election of remedies. There is neither pleading nor proof that the club by legal action ever elected to exercise an existing remedy. The questions of the rights of creditors was not in the case, nor was the question of election of remedies legitimately in the case."

■ The contention that the opinion in the Park Case "is entirely contrary to the law" is overruled. The law announced by the San Antonio Court of Civil Appeals in the Park Case, writ of error dismissed by Supreme Court, must control the issues in this case between appellant Gulf Coast Shrine Club and appellee, J. C. Clarkson. This conclusion results in affirmance of the judgment as against Gulf Coast Shrine Club.

■ In so far as this action was by the board of directors, suing as trustees for the Gulf Coast Shrine Club, on the ground that its right to do business had been forfeited because of its failure to pay its franchise tax, the judgment of the lower court must also be affirmed. The board of directors, suing as trustees, had no right independent of that of the Shrine Club.

The following statement from appellants' brief answers the contention that the issue of "election" was not pleaded by appellee:

"In Paragraph 14, of the defendant's answer, he copied Article 12 of the by-laws of the corporation and then alleged that on November 27th, 1928, at an executive Committee meeting of plaintiff Corporation, in accordance with Section One (1) of said by-laws, the defendant's membership and right to membership, was cancelled and annulled by order of said Executive Committee duly made and entered upon the Minutes of said Corporation, and at a subsequent meeting of the Board of Directors, said corporation held on the 20th day of March, 1929, the lot assigned to the defendant, was, by order of the Board of Directors, duly entered in the Minutes of said corporation, returned to said corporation, and all rights to the defendant thereto cancelled and annulled.

"The defendant alleged that the action aforesaid of said Corporation, through its Executive Committee and Board of Directors, thereunto duly authorized, operated as an election to cancel the contract, if any, between plaintiff and defendant, and operated as a total failure of the consideration for which said note was executed and delivered, in that by the terms of said By-laws, and from the action of said corporation aforesaid, defendant has been denied membership in said club and ownership or use of said lot, and that the defendant has received nothing of value in return for said note."

The facts recited in the Park Case, which we adopt, answer the contention that the issue of "election" was not raised by the evidence.

■ The cause of action pleaded by the creditors against appellee was based upon the following facts: Certain members of the club indorsed indebtedness of the club to an amount in excess of $100,000, of which amount more than $90,000 was unpaid when this case was tried in the lower court. The note of appellee, together with the other unpaid membership notes, was transferred to the indorsers to be held by them as security against loss under their indorsement. The indorsers also pleaded that, before indorsing the indebtedness of the club and before accepting the assignment of the membership notes, the makers of these notes promised to pay them, and on this promise the notes were accepted as collateral. There was no proof whatever to sustain this last allegation. The indorsers, having accepted these notes from the club, without any agreement between them and the makers, were bound by the express conditions of the notes and of the by-laws of the club which authorized

the club to cancel the contract, which constituted the consideration for these notes; in other words, the creditors occupied the same relation to these notes as the club.

It follows that the judgment of the lower court, on authority of the Park Case, must be affirmed, and it is accordingly so ordered.

Affirmed.