### HART v. LITTLEJOHN.
### No. 9517.

Court of Civil Appeals of Texas. Austin.
Oct. 3, 1945.

Rehearing Denied Oct. 24, 1945.

Powell, Wirtz, Rauhut & Gideon and George W. Leonard, Jr., all of Austin, for appellant.

No briefs filed for appellee.

BLAIR, Justice.

Appellee sued appellant to recover $250 paid as part consideration for an automobile, which appellant repossessed and resold. Appellant sought to set off against any recovery by appellee damages totaling $242.07, being the difference between the contract price and the resale price of the automobile and other expenses and damages incident to the resale thereof alleged to have resulted from appellee's breach of or failure to perform the contract to purchase the automobile. The trial to the court without a jury resulted in judgment allowing appellant a set-off of $40 for use

of and damage to the automobile while in the possession of appellee, and in judgment for appellee for $210.

Appellant agreed to sell appellee a 1941 Buick Sedan automobile, the terms of the sale being written by appellee and signed by appellant in the form of a receipt, which reads as follows:

"Austin, Texas, 4/6/44.

"Received of Robert P. Littlejohn, $5.00 cash, check on Austin National Bank $245.00 dated 4/6/44, check on Austin National Bank $235.00, postdated to 4/17/44, and the Agreement that Robert P. Littlejohn will assume a note in the amount of $950.00 in favor of the Citizens Industrial Bank, payable monthly on the seventh of each month, beginning 5/7/44, 30 days from date, said note being for 12 months, bearing 8% simple interest, and note being payable on or before 5/17/45 in full, Example: if paid in full on 5/17/44, principal in full will be $950.00 and interest in full will be $6.34, a total to take up note on 5/17/44 of $956.34. I agree to pay interest on note to time it is assumed by Robert P. Littlejohn, 4/7/44—for my 1941 Buick 4 Door Series 50, Buick Sedan.
"Witness: LeRoy Turner
        Margie Glass    Virgil Hart."

The automobile was delivered to appellee on April 6, 1944. As between appellee and the bank he did not pay off or assume the payment of appellant's note. On April 13, 1944, appellee's father-in-law called upon appellant and informed him that appellee's whereabouts had not been known for three days; that he was mentally ill; that appellee's wife requested that appellant retake or repossess the automobile and repay the $250 paid by appellee thereon; and return the postdated check given by appellee as part consideration for the automobile. Appellant stated that he thought he should retain $25 or more of the $250, depending on the then condition of the automobile, and did not return either the $250 or the postdated check as requested. Appellant, the father-in-law of appellee, and another party then began a search for the automobile, but failed to find it. On the following day, about 4 o'clock in the afternoon, appellant saw the automobile parked in front of the Travis County Court House, and took possession of it, using a key he had retained when he delivered it to appellee. On this day, April 14, 1944, appellee was adjudged to be temporarily mentally ill and was on said date temporarily committed to the Veterans' Hospital at Waco.

Appellant placed the automobile in "dead storage" in a motoramp, advertised it for sale for three days in a newspaper, and personally tried to sell it to several people. The bank placed the note in the hands of an attorney for collection on April 14, 1944, after one of its officials saw appellee driving the automobile in a reckless manner. On April 20, 1944, the bank notified appellant to sell the automobile that day, which he did, obtaining therefor $1,250, which was the best price offered. The purchaser made the check payable to appellant and the bank. The bank deducted the amount of its note, interest and attorney's fees, and paid appellant the balance.

After the sale of the automobile appellant returned the postdated check to appellee's wife, without ever having presented it for payment. After appellee was discharged from the Veterans' Hospital he demanded repayment of the $250 paid on the automobile, which appellant refused to do.

Appellant sought to recover damages upon the theory that appellee had breached his contract to, on April 7, 1944, pay off or assume the payment of the note held by the bank and secured by a lien on the automobile, and that such breach of the contract authorized him to repossess the automobile, to sell it for the best price obtainable, and to charge appellee with the difference between the contract price and the best obtainable resale price of the automobile. Appellant also alleged that the failure of appellee to pay the note on the agreed date caused the bank to place it in the hands of an attorney for collection, thereby incurring the attorney's fees of $48.15 provided for in the note, which he had to pay, and other items of damages and expenses incident to the resale of the automobile.

The trial court trying the case without a jury found and concluded with respect to appellant's claim for damages, as follows:

1. That there never existed between appellant and appellee a contract of sale of the automobile, because under the foregoing facts "the minds of the parties did not meet on when plaintiff (appellee) was to satisfy" appellant's note to the bank.

150

2. That as a matter of law appellant was not entitled to set off against appellee's claim the difference between the contract price and the market or resale price of the automobile, plus necessary expenses of making the resale; but was entitled to recover $40 for use of and for slight damages to a door of the automobile while in possession of appellee.

Appellant makes two contentions here:

1. That the finding and conclusion that the minds of the parties did not meet on when appellee was to pay off or assume the note of appellant to the bank were unsupported by and contrary to the undisputed evidence.

2. That the court erred in holding that appellant was not as a matter of law entitled to set off against appellee's recovery the difference between the contract price and the resale price of the automobile, and other expenses and damages incident to and arising from appellee's breach of the contract to pay off or assume the note of appellant on April 7, 1944.

■ Appellant contends that time was of the essence of the contract to pay or assume the note of appellant to the bank on April 7, 1944. We do not so construe it. It expressly and definitely provided that appellee might pay or assume the note on either April 7, or April 17, 1944, and provided for the amount of interest to be paid by appellee if he should pay or assume the note on April 17, 1944, and provided that if he made a note assuming the payment on April 17, it would be due on April 17, 1945, payable in monthly installments. Having agreed that appellee might pay off or assume the note on April 17, 1944, appellant had no right to demand or require appellee to pay or assume the note on April 7, 1944. And since appellant repossessed the automobile on April 14, 1944, obviously appellee had not breached his contract to pay off or assume the payment of the note on April 17, 1944. In consequence appellant had no right to declare that appellee had breached his contract to pay off or assume the note, and to repossess and resell the car, and recover damages as in case of a breach of the contract by appellee.

■ We are of the view, however, that appellant had the right to declare a rescission of the contract on April 14, 1944, because of the temporary mental illness of appellee, which incapacitated him from carrying out his contract to purchase the automobile. 10 Tex.Jur. § 33, p. 60, and § 216, p. 382. Since appellant necessarily rescinded the contract and repossessed the automobile without the consent of appellee, the general rule is applicable that to entitle him to so rescind the contract he must restore to the other party all that he had received under the contract. 10 Tex.Jur. 389, § 221. By bringing this suit to recover the $250 paid as part consideration for the automobile, appellee treated the transaction as authorizing appellant to rescind the contract and repossess the automobile. The trial court awarded appellant $40 damages for the use of and slight damages done to the door of the automobile while it was in appellee's possession; as to which judgment appellee makes no complaint.

The judgment of the trial court is affirmed.