George R. HOWARD, Appellant,

v.

C. C. BURKHOLDER, Appellee.

No. 6509.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1955.

Rehearing Denied Sept. 12, 1955.

Crenshaw & Griffith, Lubbock, for appellant.

Bradley, Key, Carr & Carr, Lubbock, for appellee.

MARTIN, Justice.

The appellant, George R. Howard, purchased a used car from appellee, C. C.

Burkholder. Appellant traded in his equity in a 1949 Buick convertible of the value of $670 and executed a note for the balance of the consideration due. This note was executed January 2, 1953 and was payable in monthly installments of $88.25 and was purchased by Interstate Securities Company of Texas. The undisputed facts and admissions of the appellant reveal that appellant knew appellee could not furnish him a Texas certificate of title at the time of his purchase of the automoile because of an error in the motor number as shown in the California title. Appellant pleaded that about May 25, 1953, since he could not obtain a valid certificate of title to said automobile, he returned the same to the above finance company and demanded of appellee the return of his 1949 Buick convertible or the $670 value thereof. Appellant also sought other items of damage in his petition.

The cause was tried before a jury but the trial court instructed a verdict in favor of appellee. The judgment of the trial court is supported by the court's finding of fact that appellant knew the California certificate of title was defective and that he made no effort to correct the certificate of title to said automobile and that appellant knew that there was no certificate of title to said automobile issued by the State of Texas. The trial court further based his judgment on a finding that appellant returned the automobile he obtained from appellee to the Interstate Securities Company of Texas and that no tender of said automobile was ever made to the defendant, Burkholder. The trial court followed the above findings of fact, and numerous other findings, with his conclusion of law that the appellant knew the condition of the title and made his agreement with appellee at his own peril and that this was a suit for rescission and appellant did not nor did he attempt to make appellee Burkholder whole.

■ The above fact findings of the trial court are supported by undisputed evidence in the record. Appellant admitted that he knew at the time of his purchase of the automobile there was a defect in the motor number shown in the California certificate and that appellee had no Texas certificate of title to the automobile. Appellant purchased the automobile under appellee's statement that certificate of title would have to be obtained and delivered to appellant at a later date. The undisputed record further reveals that appellant purchased said automobile January 3, 1953 and financed the same with Interstate Securities Company of Texas but only made one monthly payment on the note before seeking to rescind the contract of sale on May 25, 1953. Appellant pleaded that he returned the automobile to the finance company but his pleadings likewise reveal "That on or about the 14th day of March, 1953, the plaintiff discovered several teen-age boys trying to steal the hub caps off of said automobile, and in order to prevent a recurrence thereof, stored said automobile at a garage in the City of Levelland, such storage being thereafter paid for by defendant, or the above named finance company". It is likewise undisputed that the car was not in its original condition when repossessed by the finance company in that one door had been caved in, the fenders had been damaged and the mat was missing from the trunk of the car. Interstate Securities Company of Texas was not a party to the suit and there is no pleading that the company was the agent of appellee in repossessing the automobile.

■ On the proposition that appellant did not attempt to make appellee Burkholder whole, a controlling issue in appellee's plea for rescission, it must be first observed that appellant is bound by the allegations in his petition. Appellant's petition seeking rescission is defective in that the same reveals the following as to the issue of whether appellant attempted to make appellee Burkholder whole by a restoration of the automobile: "he * * * returned same to said finance company and made demand upon defendant for the return of his 1949 Buick convertible or the $670.00 value thereof". The right of rescission under such pleading is governed by the following rule: "It is the primary object in a suit

for rescission or cancellation of a contract obtained by fraud to undo the original transaction and restore the former status of the parties. Hence, the complainant in a bill or petition must offer to restore to the defendant whatever property or valuable consideration he may have received under it, and the pleading without such averments is fatally bad. This is but the enforcement of the ancient rule of equity that he who seeks equity must do equity." Casualty Reciprocal Exchange v. Bryan, Tex.Civ. App., 101 S.W.2d 895, 897 [2–4]. Not only did appellant's pleadings fail to set forth a proper basis for rescission but the evidence follows the pleading and reveals that appellant did not return the automobile to appellee. Further, to keep teen-age boys from stealing the hub caps off the automobile, appellee stored the same in Levelland where the finance company repossessed it in a damaged condition. The pleadings and proof will not be further discussed but the same support, without dispute, the findings of fact and conclusions of law upon which the trial court correctly based its judgment that appellant was not entitled to rescind the contract of sale. Casualty Reciprocal Exchange v. Bryan, supra, Syl. 1, 2 and 4; Kennedy v. McMullen, Tex.Civ. App., 39 S.W.2d 168, Syl. 10 (writ refused) ; Hart v. Littejohn, Tex.Civ.App., 190 S.W. 2d 148, Syl. 2–5; 17 C.J.S., Contracts, §§ 438, 439, pp. 919, 921.

Both parties cite and rely on Deahl v. Thomas, 224 S.W.2d 293, an opinion by this court, to which reference is made for a detailed statement of the facts. It is appellant's contention that this case is applicable here but in Deahl v. Thomas the title to the automobile in controversy and the necessary title papers were to be delivered to the Texas automobile dealer only on his payment of a draft to which the instruments of title were attached. On nonpayment of the draft, the title to the automobile was returned to the original seller in Missouri who held superior title to the automobile thereunder. There was no issue of rescission in the Deahl v. Thomas case but merely one as to who held superior title to the automobile under such fact issue. In the cause now on appeal, there was never any contention that appellee Burkholder had not fully paid for the automobile. Also, appellee Burkholder was entitled to delivery of a corrected California certificate of title. The record in the cause now on appeal reveals that the defect in title was an error in the motor number in the California certificate which error was finally corrected.

Appellee contends that Deahl v. Thomas supports his position in the present appeal in that this court ruled that Deahl in buying the automobile without the delivery of a Texas certificate of title to same was not protected as against the holder of the original title. On such proposition, it must be observed that the issue in the cause now on appeal is solely one as to the right of rescission between the Texas dealer of the automobile and the buyer thereof. Under the facts as revealed in the Deahl v. Thomas case, Deahl recovered a judgment against the Texas dealer, Hicks, from which there was no appeal. Deahl v. Thomas does not support appellee's contention that appellant in the cause here on appeal cannot recover against appellee, a Texas automobile dealer, solely by reason of appellant's failure to demand and receive a Texas certificate of title. There is no issue in the cause now on appeal as to superior title being outstanding in a third person who was not paid any consideration for the automobile. Deahl v. Thomas resolved an issue as to superior title and the issue in this cause is solely one as to the right of rescission.

The judgment of the trial court is affirmed on the trial court's correct ruling that the undisputed evidence in the cause does not sustain the equitable remedy of rescission as sought by appellant.

The appellant's points of error are overruled and the judgment of the trial court is affirmed.