**W. R. ALLBRITTON, Appellant,**

v.

**KAY WAY PROPERTIES, INC., Appellee.**

**No. 4511.**

Court of Civil Appeals of Texas.

Waco.

June 2, 1966.

Odeneal, Odeneal & Hunt, Wm. C. Odeneal, Jr., Dallas, for appellant.

Bailey & Williams, James A. Williams, Dallas, for appellee.

OPINION

WILSON, Justice.

Appellant's suit against appellee alleged alternatively: (1) That appellant owned the equitable title to described realty, legal title to which was held in trust for appellant's benefit, and appellant was indebted to appellee in a specified sum "which is entitled to be secured by a lien" on the property. The relief prayed was that the trust be terminated, the trustee's title cancelled, and full legal title be vested in appellant. No other material facts were alleged. (2) That appellee held title to the property merely as a security transaction in order to secure payment of the indebtedness. A declaration to this effect was sought.

Appellant pleaded a tender of the amount of the admitted debt, but made no actual tender. Because of appellant's failure to make actual tender after notice, the court dismissed the suit on appellee's motion.

Appellant concedes he was required to make actual tender in order to maintain the action under the second, or security transaction theory, but he contends that dismissal of his alternative action to declare the trust cancelled and terminated and to have legal title vested in him with a lien securing the debt was not authorized. His position necessarily is that tender was not essential to obtaining the latter relief. No authority sustaining this contention is cited.

In the present case, although it is not directly alleged that defendant holds in trust for the purpose of securing a debt, it is averred that defendant holds in trust for plaintiff's use, and that defendant is entitled to a second lien to secure a conceded debt. Plaintiff is thus seeking to convert an admitted trust to a simple security status. The ground asserted for cancelling the trust is that defendant is threatening to sell the land "refusing to acknowledge plaintiff as the equitable owner", and it is alleged the land is worth several times the amount of the debt. These vague pleadings assert, in effect, that defendant holds the legal title in trust to secure a debt. In our opinion the court properly required tender of the amount of the debt before proceeding with an equitable action to can-

cel the trust alleged to exist for the purpose of securing its payment. II Pomeroy, Equity (5th ed.) Sec. 393b; 30 C.J.S. Equity § 92, p. 1003, n. 74.40; 19 Am.Jur., Equity, Sec. 464. One seeking cancellation or rescission "must restore the original status". Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83, 91 and authorities cited.

Affirmed.