Louis I. GUION, Jr., et al., Appellants,

v.

Mary Louise GUION et al., Appellees.

No. 17701.

Court of Civil Appeals of Texas, Dallas.

Dec. 3, 1971.

Rehearing Denied Jan. 14, 1972.

Nelson Scurlock, Rawlings, Sayers & Scurlock, Fort Worth, for appellants.

Marvin Jones, Dallas, Wm. E. Wright, Houston, for appellees.

CLAUDE WILLIAMS, Chief Justice.

The sole question presented by this appeal is the validity *vel non* of a summary judgment in favor of appellees in appellants' suit against appellees for cancellation and rescission of a compromise and settlement agreement allegedly brought about and procured through fraud, misrepresentation and conspiracy. We hold that the summary judgment proof establishes as a matter of law that appellees are entitled to judgment. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970).

In August 1955 Mary Louise Guion and Louis I. Guion, Jr. were divorced. As a part of the property settlement and child support arrangements between them and incident to the divorce a trust had been established by the parties in which Mary Louise Guion and John Burst were named trustees. In 1967 Louis I. Guion, Jr. brought an action in the district court against Mary Louise Guion, John Burst, Marvin Jones, Dale R. Eberly, Dewey L. Lawhon, J. B. Hutchinson, Judge B. Fite, M–H Equipment Co., Inc., and Southern Discount Corporation, in which he sought revocation of the trust instrument dated August 22, 1955 and for accounting with respect to the operation of the trust. He also sought damages resulting from alleged breach of duty by the trustees and conspiracy by the named defendants to deprive him of the trust assets. In this action he was represented by David Gibson and Rudy Groom, attorneys of Houston, Texas.

After answers were filed and issues joined the parties entered into extended negotiations for settlement of the dispute. On July 2, 1968 these negotiations resulted in a written agreement of settlement being prepared and signed by the attorneys for the parties. On July 26, 1968 the parties and the attorneys met and signed the documents consummating the settlement. Contemporaneously the balance of the monetary consideration for the settlement was transferred and accepted.

After this settlement agreement had been consummated but prior to the time the district court entered an order dismissing the original action, as contemplated by the settlement agreement, appellant John Allen, who alleged that he had been assigned an ownership interest in the Guion trust, filed a plea of intervention complaining of all of the defendants in the original suit and asked for cancellation and rescission of the purported settlement agreement and an accounting as to the trust properties. In addition, Allen instituted a third party action against David Gibson and Rudy Groom, alleging that they had been employed to represent him as his attorneys in the original suit but that such attorneys had engaged in a conspiracy with the attorneys for the defendants with respect to the purported settlement agreement for which he sought damages. In the alternative Allen alleged negligence and misrepresentation on the part of Groom and Gibson in representing him as his attorneys, breach of fiduciary duty and conspiracy among themselves with intent to defraud Allen of the trust properties for which he sought to recover actual and exemplary damages. Thereafter, Louis I. Guion, Jr., filed an instrument designated "Motion for Trial on the Merits and Motion to Bring Additional Parties" in which he alleged that Gibson and Groom should be made parties in that each of said attorneys breached the fiduciary relationship and duty owed to him in making certain misrepresentations and being guilty of conspiracy among themselves and with the attorneys for the adverse parties which rendered the alleged settlement agreement to be void. In this instrument Guion withdrew his consent to the compromise settlement agreement which he had signed, contending that the same was void because of fraud on the part of Gibson and Groom.

All of the defendants and third party defendants filed motions for summary judgment based upon the pleadings, depositions and affidavits of the respective parties to which Allen and Guion both made reply. In Allen's answer to the motion for summary judgment he, for the first time, stated that while he did receive certain funds and properties following the settlement agreement he did not feel obligated to return same to the defendants but that if he was mistaken in this respect he would tender to the court such money and properties and requested that the court give him permission to amend his pleadings accordingly. On the same day that the trial court heard and considered the motions for summary judgment, Allen filed a supplemental petition in which he stated, *inter alia*, that: "Without arguing the contention that the plaintiff and the intervener have waived any right to cancel and rescind the settlement agreement, the intervener joins the plaintiff in accepting the terms of the settlement agreement and seeking relief thereon and insisting that the agreement be carried out and performed by the defendants to all intents and purposes as in accordance with its terms."

The trial court granted all the motions for summary judgment and entered judgment denying Allen and Guion any relief. As a part of its judgment the trial court made detailed and extensive findings of fact and legal conclusions which resulted in the summary denial of the cancellation and rescission of the settlement agreement sought by Guion and Allen.

The court found, *inter alia*, that Guion and Allen expressly authorized their attorneys, Gibson and Groom, to negotiate the settlement agreement; that subsequent to the agreement, Guion and Allen knowingly and willfully accepted the fruits thereof,

exercised volitional dominion over the various properties which comprised the settlement proceeds, and conveyed a substantial portion of such properties to third parties. Because of these admitted acts on the part of Guion and Allen the trial court made, among others, the following conclusions: (1) The settlement agreement was made by Gibson and Groom with the prior and express authorization and consent and full knowledge of Guion and Allen; (2) the settlement agreement was fairly negotiated and supported by consideration and mutual assent of all parties; (3) Guion and Allen ratified the settlement agreement; (4) Guion and Allen made a binding election to affirm the agreement; (5) Guion and Allen failed to make restoration of the trust properties received under the settlement agreement, and were unable to do so; (6) Guion and Allen waived all rights to rescind the agreement; and (7) Guion and Allen were "without equitable standing, and have unclean hands."

Guion and Allen perfected an appeal from this adverse judgment but do not complain of the summary judgment in favor of Dewey L. Lawhon.

Appellants submit to us one principal point of error in which they say: "The trial court erred in granting the defendants' motions for summary judgment because they failed to meet their burden of proof and establish that there is no genuine issue as to any material fact that would entitle them to a judgment as a matter of law." Immediately following this point appellants set out six subheadings in which they say: (A) the evidence does not conclusively establish that all of the terms and conditions of the agreement of July 2, 1968 have been carried out or performed; (B) the evidence shows that Gibson and Groom breached their fee contract with Allen by failing to represent him and by failing to obtain his approval of the settlement; (C) since Allen did not have knowledge of all the terms of the settlement agreement he did not waive his rights thereto and is not estopped to challenge or set the same

aside; (D) that Guion and Allen have alleged a conspiracy which allegation is supported by evidence in the record thus raising a fact issue which would defeat a motion for summary judgment; (E) there is evidence to show that the compromise settlement of July 26, 1968 was obtained by fraud sufficient to raise a fact issue which would defeat a summary judgment; and (F) the fee agreement between Guion and Allen on the one hand and Gibson and Groom on the other is illegal and will not support a summary judgment.

■ All of the appellees urge counterpoints to the effect that appellants have waived their right to appeal the summary judgment denying rescission because of their failure to assign and brief error as to all of the dispository findings of the trial court. They contend that each of the findings and conclusions of the trial court, set forth above, would be dispository and that each could be the basis of judgment as a matter of law. They contend that appellants have not challenged, by points of error, all of these findings but only challenge the finding of "waiver". They point to the rule of law that where summary judgment is based upon more than one ground, and not all grounds are challenged by points of error, the judgment must stand on the unchallenged ground. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.Sup. 1970). In that case the Supreme Court observed that the trial court's summary judgment could have been based either upon the affirmative defense of release or limitation, or both. By making a challenge against only one of these defenses by assignments of error the Supreme Court held that the remaining point was waived and the summary judgment was allowed to stand. See also City of Deer Park v. State, ex rel. Shell Oil Co., 275 S.W.2d 77 (Tex. Sup.1954) and LeJeune v. Gulf States Utilities Co., 410 S.W.2d 44 (Tex.Civ.App., Beaumont 1966, writ ref'd n.r.e.). The Supreme Court in *Malooly*, by way of dictum, pointed out that in such a case on appeal the best approach would be to present a

general point of error simply complaining that the trial court erred in granting a motion for summary judgment. It was said that such a point would be sufficient to comply with Rule 418, Vernon's Texas Rules of Civil Procedure, "and to allow argument as to all the possible grounds upon which summary judgment should have been denied." In the case before us we do have a general point of error, separated into and discussed in "splintered" points. We think that the doctrine of *Malooly* is applicable here, even though a general point of error was asserted, for the simple reason that appellants have not argued or briefed one or more of the grounds asserted by the trial court in support of its judgment. For example, the court's findings concerning ratification, election, restitution, and lack of equitable standing are not briefed by appellants even though such arguments might be justified under the general point of error asserted.

Should we be mistaken concerning the applicability of the *Malooly* rule we have proceeded to review the record in the light of the statement of the Supreme Court, also included in the *Malooly* decision, as follows:

> "If it affirmatively appeared from the record that there can be no issue as to a material fact upon which the outcome of the litigation depends, a summary judgment would be affirmed notwithstanding that it was insupportable on the grounds stated in the motion or the non-movant's Points of Error. In re Price's Estate, 375 S.W.2d 900 (Tex.Sup.1964)."

Having examined the record in the light of these rules we are convinced that appellees have demonstrated, as a matter of law, that appellants could not recover the relief sought by them so that had the case proceeded to trial on its merits an instructed verdict in favor of appellees would have been proper.

■ The primary legal bar to appellants' claim for equitable relief of cancellation and rescission of the compromise and settlement agreement entered into between the parties on July 26, 1968, as to all appellees, is the undisputed ratification of the settlement agreement by Guion and Allen in accepting, retaining and exercising dominion over the settlement proceeds and by failing and refusing to restore or make restitution of the proceeds of the settlement.

■ One seeking the equitable remedy of cancellation must, as a condition precedent, allege the facts relied upon to avoid the agreement and must allege the fact of a return or tender of the benefit or consideration received by virtue of the settlement agreement. 15A C.J.S. Compromise & Settlement § 42, p. 270. "Until restoration or offer to make restoration is made, there is ordinarily at law no rescission * * *." Williston on Contracts, 3d Ed., § 1460, p. 117. See also Casualty Reciprocal Exchange v. Bryan, 101 S.W.2d 895 (Tex.Civ.App., Eastland 1937); and Howard v. Burkholder, 281 S.W.2d 764 (Tex.Civ.App., Amarillo 1955, writ dism'd).

Not only must there be adequate pleadings concerning offer to restore, or actual restoration, there must be proof that the benefits of the agreement sought to be cancelled have been returned or some legal justification for failure to do so. Our Supreme Court in Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83 (1955), stated the rule:

> "It is a familiar rule of equity that 'He who seeks equity must do equity.' Thus it is held that one seeking a cancellation of an instrument, with certain exceptions not pertinent here, must restore the original status; he cannot repudiate the instrument and retain the benefits received thereunder."

Again, the Supreme Court in Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989

(1947), in dealing with an action to rescind based on fraudulent representations, said:

"The City is seeking to cancel the lease only. It does not offer to surrender the entire consideration received by it and restore the status quo. It seeks to retain the beneficial part of the transaction and to repudiate the disadvantageous part because of the alleged fraud of the other party. This it may not do."

In line with these well established rules we are of the opinion that the requirement of restitution, or pleading or proof of an exception * thereto, is a condition precedent to the granting of relief. Peyton v. Peyton, 271 S.W.2d 493 (Tex.Civ. App., Dallas 1954); Casualty Reciprocal Exchange v. Bryan, 101 S.W.2d 895 (Tex. Civ.App., Eastland 1937); Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583 (1940); Allbritton v. Kay Way Properties, Inc., 405 S.W.2d 438 (Tex.Civ.App., Waco 1966); 10 Tex.Jur. 2d, Cancellation of Instruments, § 45, p. 375; 13 Tex.Jur.2d, Contracts, § 341, p. 613; and Black on Rescission and Cancellation, § 197.

■ There is nothing in Guion's pleadings concerning an offer or tender of the consideration of the compromise settlement proceeds and benefits. Allen, as set forth above, in his reply to the motion for summary judgment, makes an ineffective offer or tender but does not actually follow through. As stated by the court in Allbritton v. Kay Way Properties, Inc., 405 S.W. 2d 438 (Tex.Civ.App., Waco 1966), such action on the part of Allen does not constitute a legal tender or comply with the condition of restoration.

The facts concerning failure to make restitution are clear and explicit. On July 2, 1968, appellees, through their attorneys,

and appellant Guion, through his attorneys, finally consummated an agreement to settle the basic lawsuit. A part of the proposed settlement was the payment to Guion of a sum in excess of $100,000. On that occasion, and as part of the agreement, Guion received from appellees' attorneys the sum of $10,000 which he accepted and retained. Shortly thereafter Allen conferred with Guion and was advised of the preliminary settlement agreement. He then received and accepted from Guion the sum of $1,500 out of the $10,000 paid. On July 26, 1968 Guion and his attorneys met with appellees and their attorneys and all parties executed the final settlement papers which included transfers of interest and properties pursuant to the written instruments. Following execution of the papers the sum of $60,000 was delivered by appellees to Guion who accepted and retained the same. During the consummation of the settlement agreement Allen was not present since he had not yet intervened in the suit but was making claims based upon an alleged assignment of part of the trust estate. On the night of July 26, 1968 Allen met with Guion and the parties discussed in detail the settlement that had been consummated earlier in the day. Guion expressed dissatisfaction with the terms of the agreement which he had signed and also expressed his disapproval of the conduct of his attorneys, Gibson and Groom. Allen learned from Guion that Gibson and Groom had taken assignments and conveyances to certain property in South Carolina in satisfaction of their fee for representing both Guion and Allen. Both Allen and Guion decided that they were not satisfied with the settlement, as consummated, based upon the proposition that it was not the same compromise and settlement agreement that had been contemplated by the July 2nd preliminary agreement. Allen knew that Guion had received $60,000. Guion offered Allen

---

* The law recognizes certain exceptions to the general rule of offer and proof of restoration of benefits. For a discussion of these exceptions see Casualty Reciprocal Exchange v. Bryan, 101 S.W.2d 895 (Tex.Civ.App., Eastland 1937) and Tex-

as Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583 (1940). Since appellants neither pleaded nor offered proof to invoke any of the recognized exceptions to the general rule, the same are not applicable here.

$5,000 of this money which Allen refused, contending that he was entitled to $18,500 which, together with the $1,500 previously received, would amount to $20,000 which he thought he was entitled to. From the testimony of both Allen and Guion it is quite evident that on this meeting of the night of July 26, 1968 both were thoroughly familiar with the terms and conditions of the settlement agreement that had been consummated that afternoon.

The following morning, Allen, having had a plea of intervention prepared, with Guion's knowledge and approval, went to the courthouse to file the plea but found that the clerk's office was closed on Saturday. He returned to Guion and the two spent the weekend preparing various deeds and transfers of property as a part of the plan obviously designed to prevent the entry of a final judgment carrying into effect the compromise settlement agreement of July 26, 1968. At this time Guion conveyed to Allen a fifty per cent interest in the South Carolina properties which had been involved in the settlement transaction. In accepting this assignment Allen said that it was the result of Guion's "cutting the watermelon right down the middle." After receiving the fifty per cent interest in the South Carolina properties Allen then joined Guion in conveying all of these properties to a corporation controlled by them. It was admitted that the stock of that company, Guion Trust Investments, Inc., was thereafter assigned to third persons.

There is no evidence in this record that either Guion or Allen ever offered or made any effort to restore any part of the proceeds of the compromise settlement agreement of July 26, 1968. As a matter of fact, the record is undisputed that the acts and conduct on the part of Allen and Guion, done with full knowledge of the terms and conditions of the settlement agreement, rendered it impossible to effectuate restoration of the proceeds.

As stated by Black in his work on "Rescission and Cancellation", 2d Ed., Vol. 3, § 618, pp. 1498–1499:

"If it is attributable to the party seeking to rescind,—if, by his own act, he has disabled himself from restoring the consideration which he has received,—he cannot maintain an action for rescission * * *."

In Freyer v. Michels, 360 S.W.2d 559 (Tex.Civ.App., Dallas 1962), we followed the same rule.

We hold that the undisputed record in this case falls clearly within the well established rules of law enunciated above and that appellees have maintained their burden of demonstrating, as a matter of law, that the doctrine of restitution is a complete legal bar to appellants' cause of action for cancellation and rescission.

A review of the record also convinces us that the trial court's dispository findings against appellants based upon ratification, election and waiver, are also correct. Although appellants seek to raise issues of fact concerning alleged misrepresentations, fraud and conspiracy against the appellees, and their attorneys, yet the undisputed fact remains that when the compromise and settlement agreement was finally consummated on July 26, 1968 appellants, with full knowledge of the details of the agreement, elected freely and of their own volition to accept and retain the proceeds of the settlement agreement so as to thereby ratify and affirm that which had transpired leading to the culmination of the agreement. Our Supreme Court in Rosenbaum v. Texas Building & Mortgage Company, 140 Tex. 325, 167 S.W.2d 506 (1943), held that if a person who is induced by fraud to enter into a contract continues to receive benefits under the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such a manner as to recognize the contract as subsisting and binding, he thereby affirms the contract and waives his right

of rescission. The court said that an express ratification is not necessary but that any act based upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it has the effect of waiving the right of rescission. In Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892 (1960), the court reaffirmed the doctrine in the Rosenbaum case, holding that any retention of the beneficial part of the transaction affirms the contract and bars an action for rescission, as a matter of law.

■ Again, the trial court's dispository finding of unclean hands by appellees is supported by the record. It is a fundamental maxim of equity that he who seeks equity must come to court with clean hands. See Casualty Reciprocal Exchange v. Bryan, 101 S.W.2d 895 (Tex.Civ.App., Eastland 1937) and Stewart v. Houston & T. C. Ry. Co., 62 Tex. 246 (1884). The action on the part of both Guion and Allen in receiving and accepting the proceeds of the settlement; dividing the proceeds; and in proceeding by a series of conveyances to place the assets relating to the settlement agreement in the hands of a third party, make it quite obvious to us that appellants do not present clean hands when they enter the court seeking equitable relief.

As to the contention on the part of appellants concerning fraud, misrepresentation and conspiracy charged against the former trustees, and the attorneys, we find no evidence of probative force in this record to support the claim. Assuming, arguendo, that such issues were presented, the findings on the part of the trial court concerning ratification, waiver and retention of consideration, all support appellees' contention that appellants' cause of action

for equitable relief is barred, as a matter of law.

■ The action on the part of Allen (not joined by Guion), in belatedly filing a supplemental petition in which he seeks to embrace the terms and provisions of the settlement agreement and asks for the strict performance of the same, cannot be recognized as a bar to the summary judgment rendered. Both Guion and Allen, in their trial pleadings, have repudiated the settlement agreement and sought rescission thereof. The law is well settled that rescission bars the right to compel performance. This rule is illustrated vividly in the case of Park v. Gulf Coast Shrine Club, 48 S.W.2d 765 (Tex.Civ.App., San Antonio 1932, writ dism'd), which cites the case of Jenkins v. Northwestern Pipe & Supply Co., 299 S.W. 857 (Tex.Com.App.1927), wherein it was said: "The defendants in error cannot repudiate the contract of sale by asking rescission and at the same time affirm it by seeking damages for the breach of an alleged warranty therein. They must either rescind as a whole or treat the contract as binding and rely upon the warranty as a basis for damages."

We have carefully reviewed this record in the light of the rules relating to judicial review of summary judgments and having done so we are convinced that appellees have sustained their burden of demonstrating, as a matter of law, that appellants are barred, by their own actions and conduct, from recovering the equitable relief sought. All of appellants' points are overruled. The judgment of the trial court is affirmed.

Affirmed.

GUITTARD, J., did not participate in the disposition of this case.